Kristin OBERHELLMANN,
Petitioner/Respondent,

v.

Elmer C. OBERHELLMANN,
Respondent/Appellant.

Nos. 69833, 69841.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 6, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 29, 1997.

Application to Transfer Denied
Sept. 30, 1997.

Elmer C. Oberhellmann, Fairview Heights, IL, party acting pro se.

Alter & Alvarez, Catalina M. Alvarez, Lourence F. Alter, Clayton, for respondent.

Before CRAHAN, P.J., and GRIMM and HOFF, JJ.

PER CURIAM.

This opinion involves two appeals. One is the husband's appeal of the trial court's judgment dissolving the parties' marriage. The other is husband's former attorney's appeal of the trial court's denial of husband's motion for attorney's fees for that firm.

## I. Husband's Appeal

On appeal, husband raises ten points. Nine allege trial court error in its designation of property as either separate or marital, or its division thereof. The tenth alleges error in awarding wife $5,000 attorney's fees.

We have studied the transcript, legal record, and briefs. The trial court's judgment is supported by substantial evidence and is not against the weight of the evidence. Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). No error of law appears.

An opinion would have no precedential value. The judgment is affirmed pursuant to Rule 84.16(b).

## II. Attorney's Appeal

Richard Schwartz & Associates, Ltd., former attorney for husband, appeals the trial court's denial of husband's motion for attorney fees for that firm. In a prebriefing

* All statutory references are to RSMo 1994.

order, this court directed the law firm to address, in the jurisdiction section of its brief, how it has standing to appeal. We now hold that the firm has no standing and dismiss its appeal.

The right to appeal is purely statutory. *See, e.g., Sutton v. Goldenberg*, 862 S.W.2d 515 (Mo.App. E.D.1993); Rule 81.01. Section 512.020 * provides that any "party to a suit aggrieved by any judgment of any trial court in any civil case ... may take his appeal to a court having appellate jurisdiction." By its express terms, the statute limits appeals; only a "party to a suit" may appeal. The firm was not a party. Therefore, the firm has no statutory right to appeal.

Nevertheless, the firm argues that "Missouri jurisprudence permits attorneys who are not party to the action to obtain appellate relief in disputes involving awards of attorneys' fees." In support, it relies on *Commonwealth Finance Corp. v. Missouri Motor Bus Co.*, 251 S.W. 756 (Mo.App.1923). In that case, the plaintiff sought to place the defendant in receivership. *Id.* at 757. Following hearings and appeals, the defendant was placed in receivership and the defendant's assets were ordered sold. *Id.* at 757–58.

The defendant had hired Mr. E.H. Wayman as its attorney and paid him $500 on account. Mr. Wayman petitioned the trial court to allow the balance of his fee to be paid from the funds in the receiver's hands. The trial court denied his petition and Mr. Wayman appealed. *Id.* at 758–59. Plaintiff's motion to dismiss the appeal was overruled. *Id.* at 759.

The *Commonwealth* opinion does not cite any authority to support overruling the dismissal motion. It merely says that it was not necessary for Mr. Wayman to be "one of the original parties to the suit." *Id.* at 758. Further, the opinion states that Mr. Wayman "engrafted himself upon the suit by filing the application for fees, and by reason thereof claiming rights therein, and to certain alleged funds in the hands of the receiver." *Id.*

The *Commonwealth* holding is limited to its facts. Its holding on this point has not

been followed by any subsequent case. We decline to follow or extend its holding to attorney's fees in dissolution cases.

We recognize that the General Assembly adopted a new dissolution of marriage act, effective January 1, 1974. Under that act, a trial court "may" order a party to pay a reasonable amount to another party for attorney's fees. § 452.355.1. Whether such an award is made is left to the trial court's discretion. *Schaffer v. Haynes,* 847 S.W.2d 814, 822 (Mo.App. E.D.1992).

Further, the trial court "may order that the amount be paid directly to the attorney, who may enforce the order in his name." § 452.355.1. If the trial court grants an award to the attorney, and no appeal is taken from that award, the award becomes final for all purposes. *State ex rel. Carlson v. Aubuchon,* 669 S.W.2d 294, 297 (Mo.App. E.D. 1984). In such a situation, the attorney has standing to protect the award. *Id.*

However, nothing in the dissolution statute or *Carlson* grants an attorney the right to appeal a trial court's decision not to award a party any attorney's fees. Therefore, we dismiss the firm's appeal.