**In the Matter of K.W. and J.S. a/k/a K.W.**

**T.E.S. and B.J.S., Appellants,**

v.

**D.J.L., Jr., and R.D.L., Respondents.**

**No. WD 57175.**

Missouri Court of Appeals, Western District.

Dec. 5, 2000.

See also, *In the Matter of K.W. and J.S.*, 32 S.W.3d 678.

Bradley P. Grill, Kansas City, for Appellants.

N. William Phillips, Milan, for Respondents.

Jack N. Peace, Trenton, Guardian ad litem.

Before SPINDEN, C.J., and HOWARD and HOLLIGER, JJ.

HOWARD, Judge.

This case involves the adoption of two young girls. The girls' foster parents (hereinafter "the foster parents") filed a petition for adoption of the girls in the Circuit Court of Grundy County, Missouri, on November 5, 1997. Their maternal grandfather and his wife, their step-grandmother, (hereinafter "the grandparents") filed a petition for transfer of custody and adoption of the girls in the Circuit Court of Harrison County, Missouri, on November 12, 1997. That case was subsequently transferred to Grundy County. On March 22, 1999, the court entered a judgment granting the foster parents' petition for adoption. Then, on March 23, 1999, the court entered a judgment denying the grandparents' petition. This opinion involves the grandparents' appeal from the trial court's judgment granting the foster parents' petition for adoption.[1]

We find that the grandparents lack standing in this appeal and therefore sustain the foster parents' motion to dismiss.

**Motion to Dismiss**

The foster parents have moved to dismiss the grandparents' appeal from the judgment granting their petition for adoption on the grounds that the grandparents were not parties to that proceeding, and the cases were not consolidated. They allege that the grandparents lack standing under § 512.020 RSMo 1994 to bring the appeal.

As noted above, the foster parents and grandparents filed two separate petitions for adoption of the two girls, both were on file by individual case numbers in Grundy County. The parties do not dispute that the cases were not formally consolidated by an order of the court. However, the grandparents argue that the trial court "informally" consolidated the cases, thereby making them parties to the foster parents' action. The foster parents, on the other hand, argue in their motion to dismiss that "[the grandparents] were not present, did not testify, did not call witnesses, and their attorney did not cross-examine or present any arguments" in their case.

■ "The right to appeal is purely statutory." *Oberhellmann v. Oberhellmann,* 950 S.W.2d 487, 488 (Mo.App. E.D. 1997); Missouri Rule of Civil Procedure 81.01 (1999). In order to appeal the lower court's judgment granting the foster parents' adoption petition, the grandparents must have been "part[ies] to [the foster parents'] suit." § 512.020 RSMo 1994; *Oberhellmann,* 950 S.W.2d at 488. The grandparents argue that they were parties because of the court's informal consolidation of their case with that of the foster parents.

■ We consider whether the cases were indeed consolidated. The trial court issued no formal order of consolidation. Neither party moved to intervene in the other's case. The record on appeal also reveals the following: the trial court held the hearings on the foster parents' petition for adoption and the grandparents' petition on the same day, in a back-to-back fashion; the court allowed the grandparents' attorney to be present at the hearing on the foster parents' petition and vice-versa; the trial court would not allow the grandparents to participate in any way in the foster parents' case nor would it allow the foster parents to participate in the grandparents' case; and separate judgments were issued for the two cases. The circumstances surrounding these cases lead us to conclude that consolidation did not occur. The grandparents point to portions of the tran-

---

1. The grandparents have also appealed the trial court's judgment denying their petition. In our separate opinion, handed down concurrently with and in accordance with this opinion, we found that appeal moot. *In the Matter of K.W. and J.S.,* 32 S.W.3d 678 (Mo. App.W.D.2000) .

script that suggest the trial court consolidated the cases. However, there are also indications that the court was operating under the assumption that the cases were entirely separate, but, *for the convenience of the parties and all involved,* it would be easier to hear the cases on the same day. For example, in discussing pre-trial matters, the trial court explained that, "[it didn't] think [the grandparents had] any standing for [participating in the foster parents' hearing.] But [it did] think that [hearing the cases consecutively would] assist what [it] eventually [had] to do in making a decision." On the day of the separate hearings, the court stated in the beginning that "[it was] hearing these cases, *not as consolidated cases,* [but] for the convenience of the parties because of duplicity of witnesses as well as convenience of the attorneys and guardian ad litem since we have two different petitions for adoption of the same two children." (Emphasis added.) Only the grandparents' attorney, *not the grandparents themselves,* was present at the hearing on the foster parents' petition. The grandparents did not participate in the foster parents' case in any manner.

The Southern District addressed a similar, yet distinguishable, procedural background in *In the Matter of M.D.H.,* 595 S.W.2d 448 (Mo.App. S.D.1980). In *M.D.H.,* competing petitions for adoption were filed. The issue of the appellants' right to appeal from an order granting adoption to the respondents was addressed. The court found that, *as indicated by a recital in the final decree,* "because the matter [had] been [upon agreement of the parties] treated as if there had been complete consolidation and cross intervention," it would consider the issue of whether the adoption granted was proper. *Id.* at 450. The Southern District discussed that:

> The power of the court to consolidate the two actions to the extent they become one action, *as distinguished from consolidation for trial,* is subject to

question. [Citations omitted.] The extent of the order of consolidation in this case does not appear from the record. Nor does it appear that either appellants or respondents made application to intervene in the action brought by the other. [Citations omitted.] This opinion should not be construed as implying that the appellants, because of their status as paternal grandmother and stepgrandfather or even as competing petitioners, *per se,* have a right to appeal from the decree granting respondents' prayer for adoption.

*M.D.H.,* 595 S.W.2d at 449–50 (emphasis added). Unlike *M.D.H.,* we see no indication that the foster parents' and grandparents' separate cases were consolidated into one action. In fact, just the opposite appears. At the November 12, 1998, court proceeding the trial court stated that the cases were "consolidated *for trial.*" (Emphasis added.) The cases were not consolidated into one action. The separate hearings were held consecutively only for the convenience of the parties, and separate judgments were issued. We find that, on these facts, the grandparents lack standing to appeal the judgment granting the foster parents' petition. Thus, we dismiss their appeal.

SPINDEN, C.J., concurs.

HOLLIGER, J., concurs in separate opinion.

HOLLIGER, Judge, concurring.

I concur with the majority opinion for the reason that the grandparents never filed any motion to intervene in the adoption action filed by the foster parents, nor did they file a motion to consolidate their competing adoption cases for all purposes. Nor did the foster parents file any such motions in the grandparents' adoption action. This court has previously held that there is no right to a full consolidation of competing adoption petitions under Rule 66.01 and has suggested that grandparents have no *right* to intervene in another's adoption petition under Rule 52.12(a). *In*

*re Adoption of H.M.C.*, 11 S.W.3d 81, 90–91 (Mo.App.2000). In both instances, the question of *permissive intervention* under Rule 52.12(a)(2) and consolidation are addressed to the sound discretion of the trial court. *Id.* The same principles have been applied to hold that intervention by foster parents in a grandparent adoption action is *permissive* and evaluated under an abuse of discretion standard. *In re Adoption of K.L.G.*, 639 S.W.2d 619, 621 (Mo.App. 1982). I do not quarrel with the application of well-settled principles of the law of intervention and joinder described in those cases. Nor do I quarrel with the analysis of our holding in the companion case handed down today holding the grandparents' appeal moot. *In the Matter of K.W. and J.S.*, 32 S.W.3d 678 (Mo.App.W.D.2000). I perceive no error by the trial court in either appeal that affects the best interests and welfare of the two children involved here.

Rather, I write separately to emphasize the potential for future problems and to suggest that trial judges may want to seriously consider the consequences of denial of *permissive intervention* requests or *full consolidation* requests by either grandparents or other adoption petitioners. To leave competing cases totally separate means there is no complete appellate review because of the principles of standing, as in this case, or mootness, as in the companion case. This same predicament would be presented if the trial judge in this case had denied the foster parents' petition and granted that of the grandparents. I suspect that many trial counsel and some trial judges would not anticipate this result. They should now be forewarned.