See also, *In the Matter of K.W. and J.S.*, 32 S.W.3d 674.

**In the Matter of K.W. and J.S. a/k/a K.W.**

**T.E.S. and B.J.S., Appellants,**

**v.**

**D.J.L., Jr., and R.D.L., Respondents.**

**No. WD 57176.**

Missouri Court of Appeals,
Western District.

Dec. 5, 2000.

Bradley P. Grill, Kansas City, MO, for Appellants.

N. William Phillips, Milan, for Respondents.

Jack N. Peace, Trenton, Guardian ad litem.

Before SPINDEN, C.J., and HOWARD and HOLLIGER, JJ.

HOWARD, Judge.

This case involves the adoption of two young girls. The girls' foster parents (hereinafter "the foster parents") filed a petition for adoption of the girls in the Circuit Court of Grundy County, Missouri,

on November 5, 1997. Their maternal grandfather and his wife, the girls' step-grandmother, (hereinafter "the grandparents") filed a petition for transfer of custody and adoption of the girls in the Circuit Court of Harrison County, Missouri, on November 12, 1997. That case was subsequently transferred to Grundy County. On March 22, 1999, the court entered a judgment granting the foster parents' petition for adoption. Then, on March 23, 1999, the court entered a judgment denying the grandparents' petition. This opinion involves the grandparents' appeal from the trial court's denial of their petition.

In a separate opinion, handed down concurrently with this opinion, this court found that the grandparents lacked standing to appeal the trial court's judgment granting the foster parents' petition. *In the Matter of K.W. and J.S.*, 32 S.W.3d 674 (Mo.App.W.D.2000). In accordance with that decision, we find that the grandparents' points on appeal in this matter are moot. Therefore, we dismiss the appeal.

## Mootness of Appeal

In *In the Matter of K.W. and J.S., supra*, we dismissed the grandparents' appeal from the trial court's granting of the foster parents' petition for adoption of the girls. We found that the grandparents lacked standing to bring an appeal in the foster parents' case. Thus, this court lacked jurisdiction to hear their appeal in that case. *Id.*

■ Given that the adoption of the children by the foster parents is now legally and finally binding as a result of that decision, we do not review the denial of the grandparents' petition for adoption. Even assuming, *arguendo*, we found that the grandparents' petition was wrongly denied, we could not reverse and remand, because the trial court's granting of the foster parents' petition is final. Having found that the grandparents lack standing to appeal the trial court's granting of adoption to the foster parents, the grandparents' appeal of the denial of *their* petition for adoption becomes moot. *Hall v. Missouri Bd. of Probation and Parole*, 10 S.W.3d 540, 545 n. 3 (Mo.App. W.D.1999) (explaining that this court can dismiss for mootness *sua sponte*, because if there is not an actual and vital controversy upon which to grant relief, this court does not have jurisdiction). There remains no actual and vital controversy upon which we can grant relief. Accordingly, the grandparents' points on appeal are moot.

■ We note, however, that we have read the record on appeal in the grandparents' case. Had we reviewed the case, our standard of review would have dictated that unless we found that the record contained no substantial evidence to support the judgment denying the grandparents' petition, that the judgment was against the weight of the evidence or that the trial court erroneously declared or misapplied the law, we would have to affirm the trial court's judgment. *In re Adoption of H.M.C.*, 11 S.W.3d 81, 86 (Mo.App. W.D. 2000). The record revealed no reversible error in the trial court's judgment denying the grandparents' petition for adoption.

## Conclusion

The grandparents' appeal from the judgment denying their petition for adoption is moot. Thus, we dismiss the appeal.

SPINDEN, C.J., concurs.

HOLLIGER, J., concurs in separate opinion.

HOLLIGER, Judge, concurring.

I concur in the result but write separately to emphasize the potential problems created when competing adoption petitions are not consolidated or the re-

spective parties do not obtain intervention in the competing actions. The reasons for my concern are more fully expressed in my concurrence to the companion decision handed down simultaneously *In the Matter of K.W. and J.S.*, 32 S.W.3d 674.