**In the Interest of T.L.F.**

**Wanda Marcella Fewell, Appellant**

**v.**

**Greene County Juvenile Office, Respondent.**

**No. 26829.**

Missouri Court of Appeals,
Southern District,
Division One.

March 1, 2006.

Robert D. McGee, Springfield, for appellant.

1. This court directed the circuit court to submit a certified copy of the judgment previously rendered in the foster parents' case. This court judicially notices that document in that it denotes the fact that custody of T.L.F. has been transferred to the foster parents and is a readily available, accurate, and credible

No appearance, for respondent.

Karenanne Miller, Springfield, Guardian ad Litem.

JOHN E. PARRISH, Judge.

Wanda Marcella Fewell appeals a judgment denying her petition for transfer of custody of T.L.F. for adoption. Another petition seeking adoption of T.L.F. was filed by foster parents who currently are caring for T.L.F. It is a separate action. Judgments were entered in this case and in the foster parents' case the same date regarding transfer of custody.[1] Custody of T.L.F. was transferred to the foster parents. This court affirms the trial court order denying Ms. Fewell's petition for transfer of custody.

■ Initially, this court must determine if there is a final judgment in this case. *In re Marriage of Said,* 26 S.W.3d 839, 843 (Mo.App.2000). The petition is in the usual "two-count" adoption format. Count I seeks transfer of custody for purposes of subsequent adoption. *See* § 453.110.[2] Count II, which would be for hearing upon establishment of the requisite custody period, seeks adoption. *See* § 453.080. A hearing was conducted on Count I and the request for transfer of custody denied. Consequently, there was no ruling entered as to Count II. The determination of Count I adverse to Ms. Fewell, in effect, was a denial of Count II that sought adoption. *Matter of Williams,* 672 S.W.2d 394, 395 (Mo.App.1984). Thus, the judgment being appealed disposed of all issues leaving nothing for future determination. It is a final judgment.

source. *See Pous v. Director of Revenue,* 998 S.W.2d 129, 132 (Mo.App.1999). It has been filed as a supplemental legal file in this case as permitted by Rule 81.12(e).

2. References to statutes are to RSMo 2000.

A further matter deserves mention before addressing the issues raised by Ms. Fewell. No brief was filed on behalf of respondent, the Greene County Juvenile Office. This is unfortunate in that "[w]hile there is no penalty for not filing a brief, [this Court is] forced to adjudicate [the][a]ppellant's claim[s] without the benefit of whatever argument, if any, [the][r]espondent could have made." *Crump v. Dir. of Revenue*, 948 S.W.2d 434, 435 (Mo. App.1997).

■■■ This is a juvenile court proceeding. "Juvenile proceedings and appellate review of such, partake the nature of civil proceedings and the scope of review is as in court-tried cases." *C.R.K. v. H.J.K.*, 672 S.W.2d 696, 698 (Mo.App.1984). "The judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *M.J. v. Greene County Juvenile Office*, 66 S.W.3d 745, 747 (Mo.App.2001).

The case that is the subject of this appeal was heard separate from the other case that sought custody of T.L.F. for purposes of adoption. The guardian ad litem's recommendation to the trial court was that although T.L.F. would flourish in both Ms. Fewell's home and in the home of the foster parents who were also seeking his adoption, T.L.F. should be placed with the foster parents because he had attached an emotional bond with them. The trial court followed the recommendation of the guardian ad litem. Ms. Fewell's petition for transfer of custody was denied.

Ms. Fewell presents one point on appeal. She contends the trial court erred in not combining for hearing both petitions that sought transfer of custody and adoption of T.L.F. She contends she was denied the opportunity to hear and defend evidence contrary to her efforts to obtain custody and adoption of T.L.F.; that this denied her a full, fair, and impartial hearing.

■■■ Generally, an appellate court does not consider matters de hors the record in addressing an issue before it. An exception to that rule occurs when it is necessary to determine if the case on appeal has been rendered moot. *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001). "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Bank of Washington v. McAuliffe*, 676 S.W.2d 483, 487 (Mo. banc 1984). *In re K.W.*, 32 S.W.3d 678 (Mo.App.2000), involved two cases seeking adoption of the same child. Petitioners in one case appealed the denial of their petition for adoption. The appeal was dismissed for mootness because adoption of the child had been granted in the other pending case. The issue sought to be appealed by the unsuccessful litigants was moot "[g]iven that the adoption of the children by the [litigants in the other case] is now legally and finally binding...." *Id.* at 679.

This court has inquired of the status of the other case seeking adoption of T.L.F. and has determined the adoption sought by the litigants in the case has not been granted; only Count I of the petition in that case, the count that sought transfer of custody, has been granted. Unlike in *In re K.W.*, the other case is not legally and finally binding. Thus, Ms. Fewell's appeal is not moot.

■■■ Ms. Fewell complains that the trial court should have consolidated her case with that of the foster parents. She did not, however, request consolidation of the cases. Furthermore, there is no right to consolidation of competing petitions for adoption. Regardless, "[t]he decision

whether to consolidate separate proceedings lies in the discretion of the trial court. *McCormick v. McCormick,* 934 S.W.2d 32, 33 (Mo.App. E.D.1996); Rule 66.01. The trial court's decision will stand unless the trial court abused its discretion. *Id." In re Adoption of H.M.C.,* 11 S.W.3d 81, 91 (Mo. App.2000).

Ms. Fewell contends that *State ex rel. Earnest v. Meriwether,* 270 S.W.2d 20 (Mo. banc 1954), required the trial court to, *sua sponte,* consolidate the two petitions, hers and the one filed by foster parents who were providing care for T.L.F. Ms. Fewell reads *Meriwether* too broadly. In the underlying cases to which *Meriwether* was directed, there were two competing petitions to adopt the same child. The cases were before the same trial judge. The trial judge was disqualified in one of the cases on the motion of the petitioners in that case. The trial judge thereafter granted change of venue in both cases ordering them transferred to another county. His actions were challenged in the appellate court by an action in prohibition.

The court held, in the prohibition proceeding, that because both petitions were filed in the same court, necessarily the sustention of one denies the sustention of the other. *Id.* at 22. *Meriwether* held that under the circumstances in the adoption cases, "the petitions were in effect but one action." *Id.* at 23. The court concluded, "[A]fter being disqualified to hear and determine the second petition, [the respondent judge] was also disqualified to hear and determine the first. Certainly, if he was prejudiced against relators as to the issues presented under the second petition, he was also prejudiced against them as to the issues presented under the first ... petition." *Id.* The court held the respondent judge exceeded his jurisdiction by ordering a change of venue in both cases after his disqualification in one of them.

*Meriwether's* holding does not supersede the trial judge's discretion to consolidate or not consolidate the case that is the subject of this appeal with the other case that sought adoption of the same child, T.L.F. *See* Rule 66.01(b); *see also In re Adoption of H.M.C., supra.*

This court finds no abuse of discretion under the facts in this case. The point on appeal is denied. The judgment is affirmed.

RAHMEYER, P.J., and LYNCH, J., concur.