

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

STATE OF MISSOURI ex rel. IDEKER, INC., )
)
Relator, )
)
v. ) WD77031
)
THE HONORABLE JACK GRATE, ) **FILED: April 8, 2014**
Respondent. )

**Original Proceeding on Petition for Writ of Mandamus**

**Before Writ Division: Lisa White Hardwick, P.J., and Alok Ahuja
and Karen King Mitchell, JJ.**

Relator Ideker, Inc. moved to intervene as of right in a lawsuit pending before

Respondent, Judge Jack R. Grate, in the Circuit Court of Jackson County. The underlying

lawsuit challenges the validity of an air emissions permit previously issued to Ideker, as well as

the Missouri Department of Natural Resources' intent to issue a further air emissions permit to

Ideker. Judge Grate denied Ideker's motion to intervene, and the company then filed a petition

for writ of mandamus in this Court. We issued a preliminary writ and ordered full briefing and

argument. Because Ideker has established each of the elements necessary to support intervention

as of right under Supreme Court Rule 52.12(a)(2), we now make our preliminary writ absolute.

### Factual Background

On October 11, 2013, the City of Grandview and a non-profit group called Concerned

Citizens for Air, Inc. (which we refer to collectively as "Grandview") filed a Petition for Judicial

Review and Declaratory and Injunctive Relief in the Circuit Court of Jackson County. Grandview's petition alleged that in 2012 the Missouri Department of Natural Resources (the "Department" or "MDNR") had unlawfully approved an air emissions permit (Permit No. 1343A) for Ideker's operation of a portable asphalt plant at 5600 East 150 Highway in Kansas City. The petition also alleged that the Department intended to issue Ideker a further permit for a stationary asphalt plant in the same location (Permit No. 1369). The first paragraph of the Petition stated that Grandview "seek[s] judicial review of a determination by MDNR to approve Permit No. 1343A," and "an order vacating Permit No. 1343A" and enjoining the issuance of Permit No. 1369.

The petition alleged that the Department's process for evaluating permit applications misinterpreted or ignored the requirements of federal and state environmental laws, and requested that the circuit court enter a declaratory judgment specifying the air quality standards which MDNR is required to apply. The petition also requested that the court declare that MDNR's issuance of Permit No. 1343A was unlawful because the permit did not comply with the governing legal standards, and that "Permit No. 1343A is vacated, void and declared to be of no legal effect." Finally, the petition asked the trial court to declare that the Department's "imminent issuance of Proposed Permit 1369" is unlawful, and to enjoin MDNR from issuing Permit No. 1369 unless it followed the air quality standards which Grandview contends are controlling.

Concurrent with its petition, Grandview also filed a Motion for Temporary Restraining Order requesting that the Department be restrained from issuing a permit to Ideker for operation of a stationary asphalt plant. The motion alleged that "MDNR has declared its intention to issue

2

Proposed Permit 1369 . . . within the next several days," necessitating Grandview's emergency motion.

On October 23, 2013, the trial court issued a temporary restraining order, and scheduled a preliminary injunction hearing for November 6, 2013.

On October 24, 2013, Ideker sought to intervene as of right in the lawsuit, arguing that it would suffer irreparable harm if Grandview's petition were granted, and that MDNR was not capable of adequately representing Ideker's interests. The trial court denied Ideker's motion to intervene.

On November 25, 2013, Ideker filed a Petition for Writ of Mandamus in this Court, asking that we direct the trial court to allow Ideker to intervene as of right in the underlying lawsuit. On December 4, 2013, this Court issued a preliminary writ of mandamus. The case has now been fully briefed and argued.

**Analysis**

"Mandamus is a discretionary writ that is appropriate where a court has exceeded its jurisdiction or authority and where there is no remedy through appeal." *State ex rel. Poucher v. Vincent*, 258 S.W.3d 62, 64 (Mo. banc 2008) (citation and internal quotation marks omitted). "A litigant seeking mandamus must allege and prove that he or she has a clear, unequivocal, specific right to a thing claimed. Ordinarily, mandamus is the proper remedy to compel the discharge of ministerial functions, but not to control the exercise of discretionary powers." *State ex rel. Valentine v. Orr*, 366 S.W.3d 534, 538 (Mo. banc 2012) (citations and internal quotation marks omitted).

3

## I.

As a threshold matter, Grandview[1] claims that it would be improper to grant Ideker's petition because an interlocutory appeal – rather than a writ petition – is the proper vehicle to obtain review of the denial of a motion to intervene as of right.

We acknowledge that Ideker would have had the right to file an immediate appeal of the trial court's order denying its motion to intervene.

> When a movant claims intervention as a matter of right, the movant asserts that she may be legally bound or prejudiced by any judgment entered in the case. Because the movant cannot appeal from the judgment unless she is allowed to intervene, "the order denying intervention has the degree of definitiveness which supports an appeal therefrom." [*State ex rel. Reser v. Martin*, 576 S.W.2d 289,] at 290–91 [(Mo. banc 1978)]. Thus, the denial of a motion to intervene as a matter of right under Rule 52.12(a) is a final and appealable judgment.

*Eckhoff v. Eckhoff*, 242 S.W.3d 466, 469 (Mo. App. W.D. 2008) (other citations omitted); *see also*, *e.g.*, *Charles v. Consumers Ins.*, 371 S.W.3d 892, 897 (Mo. App. W.D. 2012); *Brookshire ex rel. Brookshire v. Retz*, 111 S.W.3d 920, 923 (Mo. App. S.D. 2003).

Grandview's argument (that Ideker's proper remedy was an interlocutory appeal, not a writ petition) may have had some force when we initially considered Ideker's petition. Since the filing of the petition, however, we have issued a preliminary writ, and the parties have fully briefed and argued the merits of the intervention issue. In the identical circumstances, the Southern District held that it would resolve the merits of the intervention issue in the interests of judicial economy. It observed:

> A denial of a motion to intervene as a right (Rule 52.12(a)) is appealable and therefore ordinarily cannot be grounds for an extraordinary writ. *Martin*, 576 S.W.2d at 290. However, Respondent's argument is one which is closely considered at the preliminary writ stage, and less so after the parties have briefed

---

[1]  Although Judge Grate is the nominal Respondent in this original writ proceeding, Grandview has taken responsibility for defending his rulings. We accordingly refer to Grandview as the party advancing Respondent's arguments.

4

and argued the case on the merits. We have already issued a preliminary writ, and the parties have briefed and argued the issues in this case, therefore, in the interests of judicial efficiency we will decide the case on its merits.

*State ex rel. Webster County v. Huthcherson*, 199 S.W.3d 866, 872 (Mo. App. S.D. 2006) (other citations and internal quotation marks omitted).

It is significant that, at the time Ideker filed its writ petition, the circuit court had issued a temporary restraining order, and a preliminary injunction hearing was scheduled in twelve days. We also recognize that at least one published decision creates some doubt whether an appellate court has the authority to stay the underlying proceedings in an interlocutory appeal of the denial of intervention of right. *State ex rel. Mercantile Bank of Springfield v. Pinnell*, 804 S.W.2d 63, 64 n.1 (Mo. App. S.D. 1991).[2] Given the time constraints and case precedent which it confronted, Ideker's decision to seek review by filing a writ petition rather than an appeal is understandable (even if incorrect). Given that the intervention issue has been fully briefed and is ripe for decision, we reject Grandview's argument that we lack authority to address the merits.

**II.**

We turn, then, to the question whether Ideker established a clear and unequivocal right to intervene in the underlying action.

Rule 52.12(a) provides that,

> Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Under Rule 52.12(a)(2),

---

[2] We express no view on the correctness of this aspect of the *Mercantile Bank* decision; we merely note that, in deciding how to proceed, a party in Ideker's position would have to consider this possible limitation on an interlocutory appeal.

a person seeking to intervene must establish the following three elements: (1) an interest relating to the property or transaction which is the subject of the action; (2) that the applicant's ability to protect the interest is impaired or impeded; and (3) that the existing parties are inadequately representing the applicant's interest. The proposed intervenor carries the burden of establishing the presence of all three elements required for intervention as a matter of right. When an applicant satisfies the elements, the right to intervene is absolute, and the motion to intervene may not be denied.

*Allred v. Carnahan*, 372 S.W.3d 477, 481 (Mo. App. W.D. 2012) (citations and internal quotation marks omitted).

In considering whether a party has established a right to intervene, the circuit court must bear in mind that "[i]ntervention generally should be allowed with considerable liberality." *Johnson v. State*, 366 S.W.3d 11, 20 (Mo. banc 2012) (citation and internal quotation marks omitted); *see also Underwood v. St. Joseph Bd. of Zoning Adjustment*, 368 S.W.3d 204, 211 (Mo. App. W.D. 2012) ("in Missouri, the general rule has always been that the intervention rule should be liberally construed to permit broad intervention" (citation and internal quotation marks omitted)).

With respect to the first element, we explained in *Allred* that

An interest, for purposes of intervention as of right, means a concern, more than mere curiosity, or academic or sentimental desire. An interest necessary for intervention as a matter of right does not include a mere, consequential, remote or conjectural possibility of being affected as a result of the action, but must be a direct claim upon the subject matter such that the intervenor will either gain or lose by direct operation of judgment. To intervene in an action as a matter of right, [the intervenor's] interest in the action must be a direct and immediate claim to, and have its origin in, the demand made or the proceeds sought or prayed by one of the parties to the original action.

372 S.W.3d at 484 (citations and internal quotation marks omitted).

The trial court found that Ideker had failed to establish an interest in the subject matter of the litigation for the following reasons:

Ideker has no property or transactional interest at risk in this case because it does not possess a tangible or intangible *property right* in the prohibition of [MDNR]

6

from acting in an unlawful manner in issuing Proposed Permit 1369 when such action violated federal and state law and places the public's health and economic welfare at risk of irreparable harm, all as pled by [Grandview.] [¶] Further, the Court finds Ideker does not have a protectible "property right" in Proposed Permit 1369 because [MDNR] has yet to take any action on Ideker's permit application, [*i.e.*,] Proposed Permit 1369 does not yet exist and may never exist (at least in its proposed form) and making its issuance or any conditions attendant to its issuance, an "open question."

There are at least three flaws in the circuit court's reasoning. First, the court focused solely on Ideker's interest in the issuance of a *future* permit for a stationary asphalt plant (what has been referred to as Permit No. 1369). The court's order fails to mention, however, that Grandview's petition also attacked the legality of Permit No. 1343A, the portable-plant permit which had *previously* been issued to Ideker, and under which it was operating at the time the petition was filed. The petition's first paragraph stated explicitly that Grandview "seek[s] judicial review of a determination by MDNR to approve Permit No. 1343A," and "an order vacating Permit No. 1343A"; the petition prayed that the trial court declare that Permit No. 1343A was "vacated, void and declared to be of no legal effect." It is undeniable that Ideker has an interest that goes well beyond "mere curiosity, or academic or sentimental desire" in a permit which it *presently* holds, and under which it is *presently* conducting its operations.[3]

---

[3]    In its briefing, Grandview complains that Ideker failed to submit evidence to demonstrate that it possesses an interest that will be adversely affected by the resolution of the underlying lawsuit. Ideker's failure to offer evidence to establish its right to intervene is hardly surprising, however. As we recognized in *Allred*, motions to intervene are resolved based on "motion practice," not "substantive trials." 372 S.W.3d at 482.

> There is no requirement for an evidentiary hearing, nor is there a requirement that either or both parties submit affidavits, depositions or sworn testimony. Typically then, motions to intervene of right are decided on the basis of the motion, the pleadings, argument of counsel, and perhaps suggestions in support or opposition.

*Id.* at 483.

The relevant facts here are sufficiently established. In its answer to Ideker's petition for writ of mandamus, Grandview admitted that Ideker operates an asphalt plant in Kansas City, that "to lawfully operate an asphalt plant, Ideker is required, *inter alia*, to have an air emissions permit," and that "[w]hen the underlying action was filed, Ideker was operating the asphalt plant under a temporary permit that it

7

In addition, while Ideker may not have yet received its stationary-plant permit (Permit No. 1369) at the time the petition was filed, the possible issuance of that permit was not simply an amorphous expectation. Instead, Grandview itself affirmatively alleged that MDNR intended to issue Permit No. 1369 "within the next several days," but for the circuit court's entry of a restraining order prohibiting the Department from doing so.

Finally, although Grandview's briefing in the trial court and in this Court emphasizes that Ideker has no right to operate in violation of state and federal environmental laws, or in a manner that endangers the public health, Grandview's allegations that Ideker seeks to do so are at this point just that – *allegations*. Ideker's intervention motion does not seek, or depend on, a ruling on the merits of Grandview's claims. Ideker merely seeks the right to participate in the litigation which will determine the validity of its existing permit, and the legal standards under which its pending permit application must be evaluated. To say that no one has the right to operate unlawfully, or to operate dangerously, is no answer to Ideker's obvious interest in the outcome of the underlying action.

Construed liberally, Ideker plainly established an interest in the subject matter of the underlying litigation sufficient to support intervention.

Ideker also established that, absent intervention, its "ability to protect [its] interest will be impaired or impeded as a practical matter by the disposition of the action." *Allred*, 372 S.W.3d at 485. The trial court concluded that Ideker failed to satisfy this element, because it had a right to administrative review of any permit decision made by the Department under § 643.075.6, RSMo. By its terms, however, § 643.075.6 only grants a right to review by the Air Conservation Commission of "any permit decision made under this section." Section 643.075.6 would not

obtained from the state in June 2012" – a permit which Grandview's petition seeks to vacate. We fail to see what more is required to establish Ideker's interest.

give Ideker a right to administrative review of a decision of the circuit court declaring its *existing air emissions permit* to be invalid. It may be that Ideker would have a right under § 643.075.6 to administrative (and subsequently judicial) review of MDNR's decision on its *pending permit application*. Even there, however, any declaration by the circuit court (or by an appellate court) in this case concerning the legal standards which apply to Ideker's application would heavily influence, if not control, those future proceedings.[4] Ideker established that its ability to protect its interests would be "impaired or impeded as a practical matter" by the disposition of the underlying case.

Finally, Ideker established that its interests are not adequately represented by MDNR. Once again, *Allred* contains a helpful discussion of how Rule 52.12(a)(2)'s third element is applied:

> [T]he fact that two parties are on the same side of the dispute is not enough, in and of itself, to preclude intervention. Rather, the determination of whether a proposed intervenor's interest is adequately represented by an original party to an action usually turns on whether there is an identity or divergence of interest between the proposed intervenor and the party. Another factor to be considered is how effective the representation will be in light of a legal disability or the trial strategy of the party which would preclude the party from presenting the claims or defenses of the proposed intervenor. Furthermore, where the first two requisites for intervention as of right are met, the third element requires only the "minimal showing" that the representation "may be" inadequate. Thus, once a proposed intervenor establishes an interest in the underlying litigation and that such an interest may be impaired or impeded if intervention is not permitted, the third element is satisfied upon a "minimal showing" that there is a divergence of interest between the proposed intervenor and the party.

372 S.W.3d at 486-87 (citations and internal quotation marks omitted).

As we recognized in *Allred*, intervention by a private party may be appropriate even though a governmental entity is already defending an administrative decision in which the

---

[4] The murky relationship between the underlying action and the statutory mechanisms for administrative and judicial review of MDNR permitting decisions may raise a question concerning the viability of this non-statutory lawsuit. No such issue is before us in this writ proceeding, however.

private party is interested. Moreover, as in *Allred*, we can easily identify multiple ways in which the interests of MDNR and Ideker diverge. For example, as Ideker points out, under Rule 92.02(d) the trial court has the authority to require Grandview to post a bond in connection with the issuance of a temporary restraining order or injunction, to secure, among other things, "all damages that may be occasioned by such injunction or temporary restraining order to the parties enjoined, or to any party interested in the subject matter of the controversy." MDNR did not seek to have Grandview post a bond in connection with the temporary restraining order the circuit court previously entered, and the circuit court did not require a bond, based on its finding that "it does not appear that Respondent [i.e., MDNR] will suffer harm as a result of this temporary restraining order." Ideker asserts that it would have sought a bond due to the potential economic harm it may suffer due to the issuance of the temporary restraining order. The interests of the Department and Ideker will likely diverge concerning the necessity of a bond if injunctive relief is ordered in the future.

In addition, the nature of Ideker's interests will be an important consideration when the trial court decides whether to grant preliminary or permanent injunctive relief, and if so what form that relief should take. When considering whether to grant a preliminary injunction, the trial court must consider, among other factors, "the balance between [any] harm [to the movant] and the injury that the injunction's issuance would inflict on other interested parties." *State ex rel. Dir. of Revenue v. Gabbert*, 925 S.W.2d 838, 839 (Mo. banc 1996) (citations and internal quotation marks omitted). The effect of relief on Ideker's operations will likewise be relevant with respect to the grant of a permanent injunction:

> [W]hether an injunction should be granted is a matter of the trial court's discretion in balancing the equities. We are mindful that molding an appropriate injunctive decree rests largely in the sound discretion of the trial court, which is

10

vested with a broad discretionary power to shape and fashion relief to fit the particular facts, circumstances and equities of the case before it.

*Burg v. Dampier*, 346 S.W.3d 343, 357 (Mo. App. W.D. 2011) (citations and internal quotation marks omitted); *accord Payroll Advance, Inc. v. Yates*, 270 S.W.3d 428, 437 (Mo. App. S.D. 2008). Obviously, Ideker is in the best position to demonstrate the harm that it would suffer through the entry of either preliminary or permanent injunctive relief, and to advocate for a form of injunction (if one is issued) which minimizes that harm to the greatest extent possible.

Because Ideker established that it satisfied each of the three criteria for intervention as of right under Rule 52.12(a)(2), its "right to intervene is absolute, and the motion to intervene may not be denied." *Allred*, 372 S.W.3d at 481. We accordingly make our preliminary writ of mandamus absolute, and direct the trial court to grant Ideker's motion to intervene in the underlying action.

## III.

We need to address one additional matter which arose following the entry of our preliminary writ of mandamus. To do so, we provide the following additional procedural background.

After the trial court's issuance of its original temporary restraining order on October 23, 2013, MDNR filed a petition for a writ of prohibition in this Court on October 25, arguing the trial court lacked jurisdiction to hear and determine the issues raised by Grandview's lawsuit. At that time, a preliminary injunction hearing had been scheduled for November 6. On November 1, the parties filed a Joint Application for Continuance, requesting that the trial court continue the November 6 hearing because the hearing "would occur before the Court of Appeals [ruled] on [MDNR]'s *Petition for Writ of Prohibition*." The trial court granted the continuance in an order entered on November 4, 2013, which incorporated the following stipulation of the parties:

11

5.       . . . [T]he parties have stipulated and agreed that the preliminary injunction hearing now set for November 6, 2013 at 3:30P.M. should be continued until such time as:

a.)       This Court issues an order modifying or rescinding the TRO; or

b.)       A hearing on the application for preliminary injunction is held and the Court enters an order on the application; or

c.)       The Missouri Court of Appeals, Western District, issues an order either denying the petition for writ of prohibition or making a preliminary rule in prohibition permanent.

6.       . . . [T]he parties have further stipulated and agreed that the provisions of the TRO will remain in effect . . . until such time as any of the events in paragraph 5 above in this Order occur.

The circuit court's November 4 order rescheduled the preliminary injunction hearing for November 21, 2013.

This Court denied MDNR's writ petition on November 13, 2013. The Department then filed a similar writ petition in the Missouri Supreme Court on November 14. In response, the circuit court entered a further continuance order on November 20, continuing the preliminary injunction hearing until December 6, 2013. The circuit court's November 20 continuance order states that it "incorporates the findings of fact and stipulations and agreements of the parties set forth in the Court's November 4, 2013 Order."

Because MDNR's writ petition remained pending in the Missouri Supreme Court, the circuit court ordered a further continuance of the preliminary injunction hearing on December 2, 2013, continuing the hearing until January 7, 2014. Like the November 20 continuance order, the trial court's December 2 order expressly incorporates the findings and stipulations from the November 4 order.

The Missouri Supreme Court denied MDNR's writ petition on December 24, 2013. In the meantime, however, this Court granted a preliminary writ of mandamus in response to

12

*Ideker*'s petition on December 4, 2013.  Our preliminary writ of mandamus directed the trial court "to take no further action in the underlying case, other than vacating your prior order and granting the Motion to Intervene, until further order of this Court."

Based upon the language of the circuit court's November 4, November 20, and December 2 continuance orders, MDNR apparently understood that as of early January 2014 the temporary restraining order entered by the trial court had expired, because the condition stated in ¶ 5(c) of the November 4 order (denial of MDNR's petition for writ of prohibition by this Court) had occurred.[5]  Accordingly, on January 2, 2014, the Department issued Ideker a permit for the conversion of its portable asphalt plant to a stationary plant.

After being advised by Grandview that MDNR had issued Ideker the stationary-plant permit, the trial court on January 6, 2014, issued an "Amended Order" which stated that, "[o]n December 2, 2013, the Court entered an order extending the Temporary Restraining Order and continuing the preliminary injunction hearing to January 7, 2014 at 10:00 a.m."  The "Amended Order" continued:

> It has always been the Court's intention to maintain the *status quo* in that the TRO would remain in effect until all writted issues are resolved and until the Court holds the hearing that has now been continued again because of the writ activity.  The TRO issued by this Court on October 23, 2013 is still in effect and will remain in effect until rescinded by an order of this court or the appellate court.

The "Amended Order" also continued the preliminary injunction hearing, yet again, to January 21, 2014.

Following entry of the "Amended Order," the trial court has issued a series of additional continuance orders, each of which purports to further extend the temporary restraining order.

---

[5]     Of course, as of that time the Missouri Supreme Court had also denied MDNR's writ petition.

13

Ideker has filed a motion in this Court seeking to hold Judge Grate in contempt. Ideker's contempt motion argues that the trial court's entry of the "Amended Order," and the entry of subsequent orders purporting to extend the temporary restraining order, violate this Court's preliminary writ of mandamus, which directed the trial court "to take no further action in the underlying case, other than vacating your prior order and granting the Motion to Intervene."

Ideker raises a substantial question concerning the validity of the circuit court orders entered subsequent to the issuance of our preliminary writ. Because we conclude that the circuit court's challenged orders do not have any operative effect, however, we need not decide whether those orders are consistent with our preliminary writ.

First, the circuit court's purported extensions of the temporary restraining order addressed a moot point. It appears that MDNR issued Ideker a permit to operate a stationary asphalt plant on January 2, 2014. It was the issuance of that permit which the temporary restraining order sought to prevent. Given that the stationary-plant permit had already been issued, the trial court's post-January 2, 2014 orders purporting to extend the temporary restraining order are ineffective, whether or not those orders were consistent with our preliminary writ.

Second, we do not read the circuit court's challenged orders as pre-determining the question whether MDNR acted lawfully when it issued Ideker a stationary-plant permit on January 2, 2014. We recognize that Grandview may wish to argue that MDNR's issuance of the stationary-plant permit was unlawful because the permit was issued in violation of the temporary restraining order. If Grandview chooses to make that argument, the circuit court will be required to decide whether its temporary restraining order remained in effect when MDNR issued the permit, considering the terms of the court's orders, and the other surrounding circumstances, as of and prior to January 2, 2014. We do not read the trial court's January 6 "Amended Order" as

14

pre-judging the merits of that issue. Whether MDNR's January 2 permit issuance was lawful falls outside the scope of this writ proceeding, and the resolution of that issue can be addressed by the parties, with Ideker's full participation, following the trial court's compliance with the writ of mandamus we make absolute today.

Because the orders challenged in Ideker's contempt motion have no practical effect, we deny the contempt motion as moot.

**Conclusion**

Our preliminary writ of mandamus is made absolute. Respondent is directed to grant Relator Ideker's motion to intervene as of right in the underlying action. Ideker's motion to hold Respondent in contempt is denied as moot.

_____
Alok Ahuja, Judge

All concur.