

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| IN THE INTEREST OF: K.R., | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | **WD78852** |
| v. | ) | |
| | ) | **OPINION FILED:** |
| | ) | **February 23, 2016** |
| D.D., | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable John M. Torrence, Judge**

**Before Division Two:** Cynthia L. Martin, Presiding Judge, and
Mark D. Pfeiffer and Karen King Mitchell, Judges

D.D. (Grandmother), the maternal grandmother of K.R., appeals the trial court's dismissal of Grandmother's petition to adopt K.R. Grandmother argues that the trial court deprived Grandmother of her due process rights by dismissing the petition without notice and hearing. We dismiss the appeal because it is moot.

## Facts

K.R.'s foster parents filed a petition in the Family Court of Jackson County for termination of parental rights and adoption of K.R. (Case No. 1416-FC08047). Subsequently, Grandmother filed a separate petition in the Family Court of Jackson County to adopt K.R. (Case

No. 1416-FC08699). Grandmother never filed a motion to intervene in the foster parents' case,[1] but she did file a motion to consolidate in that case. The cases were not consolidated, and the trial court granted foster parents' petition, terminating the natural parents' rights and ordering that foster parents be named K.R.'s adoptive parents. The trial court subsequently dismissed Grandmother's petition, apparently without first providing notice or holding a hearing.

**Analysis**

The guardian *ad litem* has filed a motion to dismiss, arguing that the case is moot. We must consider mootness "'[b]efore considering the merits of this dispute,'" because "'we must [first] determine whether or not we have jurisdiction to decide the appeal.'" *In Interest of F.R.D.*, 2015 WL 6689429, at *2 (Mo. App. W.D. Nov. 3, 2015) (quoting *In Interest of J.T.S.*, 462 S.W.3d 475, 477 (Mo. App. W.D. 2015)). "'An appellate court is not permitted to review moot claims of error.'" *Id.* (quoting *J.T.S.*, 462 S.W.3d at 477). "'A case is moot when the circumstances that surround it change sufficiently to cause a legal controversy to cease, and a decision by the judiciary would be insignificant in providing effective relief.'" *Id.* (quoting *J.T.S.*, 462 S.W.3d at 477). The guardian *ad litem* argues that the present case is moot because the trial court issued a judgment, which is now final, in which the court granted foster parents' request for adoption. We agree.

This case is controlled by this court's decision in *In re K.W.*, 32 S.W.3d 678, 679 (Mo. App. W.D. 2000). *K.W.*'s facts were identical to those presented here: in separate, unconsolidated cases, foster parents and grandparents filed petitions for adoption, and the trial court entered judgments granting foster parents' petition and denying grandparents' petition. *Id.* at 679. The grandparents appealed the denial of their petition, and this court dismissed the

---

[1] Grandmother claims that her counsel was not allowed to enter his appearance, and thus could not file a motion to intervene on Case.net.

2

appeal as moot, because, "Even assuming, *arguendo*, we found that the grandparents' petition was wrongly denied, we could not reverse and remand, because the trial court's granting of the foster parents' petition is final." *Id.*

This holding is equally applicable here. The trial court granted foster parents' petition for adoption of K.R.[2] And Grandmother does not contest that the judgment in foster parents' adoption case has become final. "Given that the adoption of the children by the foster parents is now legally and finally binding as a result of that decision, . . . [Grandmother's] appeal of the denial of [her] petition for adoption becomes moot." *Id.* The trial court is without authority to enter a judgment inconsistent with the existing judgment in foster parents' separate case. Accordingly, regardless of whether this court agrees with the trial court's dismissal of Grandmother's petition without notice and hearing, a remand to the trial court would be futile.

Grandmother does not make any argument that the case is not moot, but rather argues that we should review her claim of error under the exception for "acts capable of repetition yet evading review." "'This exception is applicable when a case presents an issue that (1) is of general public interest; (2) will recur; and (3) will evade appellate review in future live controversies.'" *Knight v. Carnahan*, 282 S.W.3d 9, 21 (Mo. App. W.D. 2009) (quoting *Asher v. Carnahan*, 268 S.W.3d 427, 431 (Mo. App. W.D. 2008)).

We do not see how the issue of whether a trial court errs by dismissing a petition without notice or hearing will somehow "evade appellate review in live controversies." Indeed, Grandmother has cited to a number of cases in which she claims that appellate courts addressed precisely that question. The only reason that the issue has evaded review here is because Grandmother failed to appeal the case in which she could have been granted relief. If the trial

---

[2] "Generally, an appellate court does not consider matters de hors the record in addressing an issue before it. An exception to that rule occurs when it is necessary to determine if the case on appeal has been rendered moot." *In re T.L.F.*, 184 S.W.3d 642, 644 (Mo. App. S.D. 2006).

court in the foster parents' adoption case abused its discretion in failing to allow Grandmother to intervene or in refusing to consolidate the cases,[3] Grandmother could have sought relief in that case by challenging those rulings in this court. But instead, Grandmother chose to allow that case to become final, thereby depriving the trial court in this case of the authority to grant her any effective relief. In short, it is Grandmother's own failure to seek timely relief in the appropriate forum, rather than anything specific to the facts or procedural posture of this case, that resulted in her appeal being moot.

## Conclusion

Because Grandmother's case is moot, the guardian *ad litem*'s motion to dismiss the appeal is granted.

Karen King Mitchell, Judge

Cynthia L. Martin, Presiding Judge, and Mark D. Pfeiffer, Judge, concur.

---

[3] We agree wholeheartedly with Judge Holliger's "suggest[ion] that trial judges may want to seriously consider the consequences of denial of *permissive intervention* requests or *full consolidation* requests by either grandparents or other adoption petitioners" in order to avoid the scenario in which "there is no complete appellate review because of the principles of standing . . . or mootness." *In re K.W.*, 32 S.W.3d 674, 677 (Mo. App. W.D. 2000) (Holliger, J., concurring). Grandmother's counsel claims that his attempt to file an entry of appearance in foster parents' case was rejected by the court, rendering him unable to file a motion to intervene in that case. This assertion is undercut by the fact that counsel was able to file, in foster parents' case, a motion to consolidate the two cases. Counsel acknowledges that he filed suggestions in support and received suggestions in opposition to the motion to consolidate. He also does not contest opposing counsel's representation that the court's order denying the motion to consolidate indicates that Grandmother's counsel received a copy. If Grandmother had sought intervention and was inappropriately denied the opportunity to be heard in foster parents' case, her remedy was to seek review from this court in *that* case. This court is without authority to review a moot case.

At oral argument, Grandmother's counsel also seems to assert, for the first time, that Grandmother was a necessary and indispensable party to the foster parents' adoption litigation. We need not resolve this issue, because even if she were a necessary and indispensable party, a ruling we do not make, the failure to join her in the foster parents' litigation must be raised in that case. *See Allen v. Bryers*, 2015 WL 5439944, *3 n.4 (Mo. App. W.D. Sept. 15, 2015) ("'the denial of a motion to intervene as a matter of right under Rule 52.12(a) is a final and appealable judgment.'" (quoting *State ex rel. Ideker, Inc. v. Grate*, 437 S.W.3d 279, 283 (Mo. App. W.D. 2014))). Further, Grandmother cites to no rule, statute, or other authority supporting the proposition that the judgment in the foster parents' adoption case is void absent her participation in the case. This "failure to cite any authority supporting [her] position [is] sufficient to deny [Grandmother's] claim." *WCT & D, LLC v. City of Kansas City*, 2015 WL 8231576, at *4 (Mo. App. W.D. Dec. 8, 2015). In fact, although Grandmother now makes several novel arguments about the validity of the judgment in the foster parents' adoption case, in her point relied on she claims only that it was error to dismiss *her* adoption action without notice or an opportunity to be heard. Issues not raised "in the point relied on are not preserved for appeal." *State v. Karr*, 968 S.W.2d 712, 717 (Mo. App. W.D. 1998).