**In the Interest of D.K.S.**

**No. WD 61907.**

Missouri Court of Appeals,
Western District.

June 17, 2003.

Matthew C. Price, Camdenton, for Appellant.

Gary L. Gardner, Jefferson City, for Respondent.

PAUL M. SPINDEN, Judge.

At issue in this case is the circuit court's decision to assume jurisdiction over D.K.S. and to place her in the protective custody of the Division of Family Services. S.S., her father, contends that the circuit court erred in asserting jurisdiction and in admitting and considering evidence of sexual abuse allegations at the dispositional hearing. We affirm the circuit court's judgment.

Miller County's juvenile office filed a petition on October 11, 1999, alleging that D.K.S. needed the circuit court's care and treatment because of unsanitary, unsafe, and injurious conditions in the family's house. The office alleged that dirty clothing were scattered throughout the house, that mattresses were soiled and not covered with linens, and that roaches had infested the house. DFS took protective custody of D.K.S. on the same day.

The circuit court convened an adjudicatory hearing on January 27, 2000, and entered its judgment in which it assumed jurisdiction over D.K.S. The circuit court did not convene a dispositional hearing until August 21, 2002, nearly 34 months after D.K.S. had been removed from her parent's custody.

On July 27, 2000, DFS issued its first case report, which indicated that it had received a report that S.S. had sexually

abused D.K.S. On the same day, the circuit court scheduled a dispositional hearing in the case, but the juvenile officer requested a continuance to review the allegation of sexual abuse. The circuit court granted the request over the parents' objection. This was the only time that the parents opposed any continuance. From July 27, 2000, until the case's disposition, the parties agreed on multiple occasions to continue the matter for reasons that included allowing S.S. time to take a polygraph examination and to review the division's investigative reports. S.S. also changed legal counsel seven times after the circuit court permitted his attorneys to withdraw from the case.

In the meantime, on March 18, 2002, D.K.S.' guardian ad litem filed a motion to suspend the child's visitation with her parents because of the allegations of sexual abuse by S.S. The circuit court ordered that S.S.' visits with the child cease until a hearing could be held.

The next hearing was the dispositional hearing on August 21, 2002. The circuit court overruled S.S.' motion that testimony of sexual abuse be excluded because the juvenile office had not amended its petition to include the allegation. The circuit court heard extensive evidence concerning allegations of sexual abuse and entered its judgment of disposition in which it ordered that the DFS be given legal and physical custody of D.K.S. and that S.S. be prohibited from having any visitation with the child.

■ In reviewing a juvenile proceeding, we will affirm the circuit court's decision unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *B.T.O. v. M.O.*, 91 S.W.3d 745, 748 (Mo.App.2002).

■ In his first point on appeal, S.S. argues that the circuit court erred in as-

serting continuing jurisdiction over D.K.S. because Rule 119.08(a) and § 210.720.1, RSMo 2000, obligated it to convene a dispositional hearing and a permanency hearing within 12 months of placing D.K.S. in foster care. The circuit court did not hold the dispositional hearing until approximately 31 months after adjudication and 34 months after placing D.K.S. in protective custody.

S.S. contends that the 12–month period is a mandatory deadline and that the circuit court's jurisdiction over the child expired with the deadline's expiration. Although Rule 119.08(a) and § 210.720.1 use "shall" in mandating that the hearings be held within 12 months, neither indicate what the consequence is for not meeting this deadline. In *Farmers and Merchants Bank and Trust Company v. Director of Revenue*, 896 S.W.2d 30, 32–33 (Mo. banc 1995), the Supreme Court declared that, when a statute sets a deadline without providing for a consequence for not meeting the deadline, use of "shall" should be deemed to be directory and not mandatory. The Supreme Court explained that, when the General Assembly creates a duty to act with no consequence for noncompliance, it deems the General Assembly to be establishing little more than a time after which an action for *mandamus* will lie. This rule is not absolute. It will not override other considerations. *Southwestern Bell Telephone Company, Inc. v. Mahn*, 766 S.W.2d 443, 446 (Mo. banc 1989); *Garzee v. Sauro*, 639 S.W.2d 830, 832 (Mo. 1982).

■ Assuming, *arguendo*, that the dispositional hearing must be held within one year, this court has previously determined that not holding a timely dispositional hearing does not invalidate a judgment subsequently entered. *See D.D.C. v. B.C.*, 817 S.W.2d 940, 944 (Mo.App.1991) (no plain error in terminating parental rights without a dispositional hearing having pre-

viously been held as required by law); *In Interest of L__E__E__,* 839 S.W.2d 348, 352 (Mo.App.1992) (failure to hold a timely dispositional hearing does not invalidate subsequent judgment terminating parental rights). Because not holding a dispositional hearing within the 12–month deadline does not invalidate a judgment terminating parental rights, we discern no sound basis for holding that the circuit court lost jurisdiction to determine D.K.S.' custody.

Moreover, if S.S. were correct in his assertion that the circuit court lacked jurisdiction, we would be compelled to declare its judgment void. *Oliva v. Spatz,* 831 S.W.2d 675, 676 (Mo.App.1992). We have already determined that not convening a dispositional hearing within the 12–month deadline does not void a judgment. We conclude, therefore, that S.S. is incorrect in his assertion that the circuit court lost jurisdiction by not holding the dispositional hearing within 12 months.

■ In his second point, S.S. asserts another jurisdictional argument: that the circuit court erred in asserting jurisdiction over D.K.S. because jurisdiction must first be established through adjudication. He contends that, because the circuit court had not adjudicated the issue of sexual abuse, it had no jurisdiction to hold a dispositional hearing involving those allegations.

■ The hearing in a child custody proceeding is bifurcated. *Interest of D.M.Y.,* 892 S.W.2d 792, 794 (Mo.App.1995). In the first phase, adjudication, the circuit court determines whether or not the juvenile office established, by clear and convincing evidence, that the circuit court should assume jurisdiction over the child. In the second phase, disposition, the circuit court determines the disposition or treatment that should be ordered for the juvenile. *In Interest of I.M.B.,* 897 S.W.2d 146, 148–49 (Mo.App.1995); *In Interest of D.D.H.,* 875 S.W.2d 184, 185–86 (Mo.App. 1994).

■ The court assumed jurisdiction based on the adjudication of allegations that D.K.S. was not being provided the proper support or care necessary for her well-being and, more particularly, that the family house was unsanitary, unsafe and injurious as evidenced by dirty clothing scattered through the home, soiled mattresses without linens, and a roach infestation. The juvenile office established these allegations at the adjudication hearing by clear and convincing evidence.[1] The court properly assumed jurisdiction over D.K.S.

■ S.S. directs us to no authority—nor have we found any—supporting the proposition that jurisdiction itself is bifurcated. Rule 119.02.a(7)(B) says, "If the allegations [of the petition] have been established, the court shall make a finding upon which it exercises its jurisdiction over the juvenile." It does not place a limitation on the jurisdiction or provide that it is lost if the court, during disposition, takes evidence on allegations that were not presented at adjudication. Indeed, either the circuit court has jurisdiction or it does not. Thus, if at least one basis for jurisdiction over the child has been established by clear and convincing evidence, the court may proceed to disposition.

■ In his third point, S.S. contends that the circuit court erred in admitting

---

1. Rule 117.05(b), repealed effective January 1, 1999, established the standard of proof in child custody hearings as clear and convincing. Although the rules no longer set out a standard of review, the standard at adjudication continues to be clear and convincing. *In re N.B.,* 64 S.W.3d 907, 914 (Mo.App.2002); *In re G.C.,* 50 S.W.3d 408, 410 (Mo.App. 2001). Judge Teitelman has explained that this remains the standard because the constitutional guarantee of due process mandates this strict standard of proof in such proceedings. *G.C.,* 50 S.W.3d at 418–19 (Teitelman, J., concurring).

and in relying on evidence of sexual abuse at the dispositional hearing because the allegations were never specifically pleaded as required by due process. The petition alleged that D.K.S. needed the circuit court's care and treatment because "[t]he parents or other persons legally responsible for the care and support of the child, neglect or refuse to provide proper support or other care necessary for her well-being[.]" This tracked § 211.031.1(1), RSMo 2000, which set forth the grounds for the circuit court's jurisdiction.

 To satisfy due process, notice in a custody proceeding must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Matter of Trapp*, 593 S.W.2d 193, 198 (Mo. banc 1980). A petition reciting § 211.031.1(1) is sufficient to meet this standard. *Id.* at 198–99; *In re A.A.R.*, 71 S.W.3d 626, 631 (Mo.App.2002). We cannot say that the petition did not sufficiently notify S.S. of the pendency of the proceeding and the charges against which he would need to defend, at least to the extent necessary to comport with the minimum guarantee of due process.[2]

The circuit court's judgment is affirmed.

LISA WHITE HARDWICK, Presiding Judge, and PATRICIA A. BRECKENRIDGE, Judge, concur.

---

**2.** A petition couched in the language of § 211.031.1(1) also satisfies the pleading requirements of § 211.091.2, RSMo, and is therefore sufficient to vest the court with jurisdiction. *Trapp*, 593 S.W.2d at 199; *A.A.R.*, 71 S.W.3d at 632. Rule 114.01 imposes more rigorous pleading requirements and the fail-ure to comply with them constitutes non-jurisdictional error that may be raised on appeal. *A.A.R.*, 71 S.W.3d at 636–37. Whether the petition was adequate under Rule 114.01 in its failure to refer specifically to sexual abuse is doubtful. The issue has not, however, been presented to us for review.