257 S.W.3d 163 (2008)
In the Interest of J.L.R.
No. WD 69045.
Missouri Court of Appeals, Western District.
June 24, 2008.
Rehearing Denied July 29, 2008.
*165 James A. Hanson, Sedalia, MO, for appellant.
Steven A. Fritz, Sedalia, MO, for respondent.
PAUL M. SPINDEN, Judge.
S.L.J. appeals the circuit court's dispositional order to transfer custody of S.L.J.'s daughter, J.L.R., from S.L.J. to the Department of Social Services' Children's Division. We dismiss S.L.J.'s appeal because it is moot. Her daughter has been returned to her custody.
State authorities intervened to remove J.L.R. from S.L.J.'s custody during September 2007 when emergency room personnel at Bothwell Regional Hospital in Sedalia treated J.L.R. for a severe laceration to her scalp and numerous bruises to her body. Hospital authorities informed the Pettis County Sheriff's Department and the division.
On September 15, 2007, the juvenile officer filed a petition alleging that J.L.R. had been deprived of proper care. The circuit court convened a protective hearing and granted an order continuing protective custody. On November 1, 2007, the circuit court held an adjudication and disposition hearing and issued findings of facts and conclusions of law in which it found that J.L.R.'s father had abused her and that S.L.J. did nothing to protect her from further injury. After placing J.L.R. in the division's custody, the circuit court at some point issued an order returning custody to S.L.J.
Before considering the merits of this dispute, we must determine whether or not we have jurisdiction to decide the appeal. Glover v. Michaud, 222 S.W.3d 347, 350 (Mo.App.2007). We do not have jurisdiction to review moot claims. Id. A case is moot when the circumstances that surround it change sufficiently to cause a legal controversy to cease, and a decision by the judiciary would be insignificant in providing effective relief. State ex rel. Missouri Gas Energy v. Public Service Commission, 224 S.W.3d 20, 24-25 (Mo. App.2007).
The remedy that S.L.J. sought in her appeal was our mandate to vacate the circuit court's order and to order restoration of her custody rights to J.L.R. S.L.J. obtained this remedy before this case was submitted for our decision. S.L.J. has full custody of J.L.R. Hence, a decision by this court would not grant any effective relief. See Jenkins v. McLeod, 231 S.W.3d 831, 832-33 (Mo.App.2007) (appeal from order of protection was moot because protection order expired before submission of case); Toll v. Toll, 882 S.W.2d 290, 290-91 (Mo.App.1994) (appeal from order of protection was moot because protection order expired before submission of case).
S.L.J. asserts that her case is not moot because the circuit court has continuing jurisdiction during the adjudication and dispositional phases and, therefore, a legal controversy continues. S.L.J. is correct that a child custody hearing is bifurcated into adjudication and dispositional phases. In the Interest of D.K.S., 106 S.W.3d 616, 619 (Mo.App.2003). In the adjudication phase, the circuit court determines whether or not the juvenile officer established that the circuit court should assume jurisdiction over the child. Id. The second phase is the dispositional phase in which the circuit court determines the disposition or treatment that it should order for the juvenile. Id. S.L.J. is also correct that, pursuant to Section 211.032.4, RSMo 2004, if the circuit court orders that a child be placed in the division's custody, then it must conduct hearings periodically regarding the division's efforts to reunify the child with the parent.
*166 This does not make S.L.J.'s claim a live controversy. According to the plain and ordinary meaning of Section 211.032.4's language, the circuit court has continuing jurisdiction to review its case only as "long as the child is in the custody of the division." The division no longer has custody of J.L.R. S.L.J. has regained custody. Hence, Section 211.032.4 does not make S.L.J.'s claim a live controversy. This is not a case in which the circuit court returned physical custody of the minor to the parent but continued jurisdiction to provide further services or supervision. Instead, it is a case in which the circuit court terminated its jurisdiction and restored the minor to the legal and physical custody to her mother.
In a contradictory manner, S.L.J. concedes that, if her only legal concern were return of her child, "this appeal is likely to be unnecessary before a final opinion is ever issued." To establish that she has another legal concern that creates a live controversy, she asserts that the circuit court's finding that she was a threat to her child has the potential of harming her employment opportunities.
This is mere speculation. S.L.J. cites no facts that support this contention. Furthermore, even assuming that S.L.J. were correct, the mere potential that this could harm her employment opportunities does not change the lack of a current legal controversy between her and the State. Thus, this does not establish that her case is not moot.
Courts make an exception to mootness in two narrow situations: when the case becomes moot after submission and argument, and when the issue raised has general public interest and importance and is likely to recur and will otherwise evade appellate review. Missouri Gas Energy, 224 S.W.3d at 25. Neither of these exceptions applies to this case. First, S.L.J. regained custody of J.L.R. before her case was submitted at oral arguments. Second, S.L.J.'s challenge of the sufficiency of the evidence is insufficient to establish a public interest under the second exception. Toll, 882 S.W.2d at 291. Furthermore, we do not discern that this type of case will evade appellate review in the future.
Because S.L.J. has regained custody of her child, her appeal is moot, and we lack jurisdiction to consider it. We, therefore, dismiss her appeal.
JAMES E. WELSH, Presiding Judge, and ALOK AHUJA, Judge, concur.