**In the Interest of M.P.R., Juvenile.**

**No. ED 98026.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 16, 2012.

Kathryn B. Parish, Clayton, MO, for Appellant.

Mark J. Schwartz, Theodore R. Allen, Jr., Hillsboro, MO, for Respondent.

Lauren E. Drummond, Festus, MO, for Guardian Ad Litem.

ROBERT M. CLAYTON III, Judge.

Jessica Pope ("Mother") appeals the trial court's order following a protective custody hearing finding that probable cause existed to believe her daughter, M.R., was without proper care, custody or support and therefore required protective custody. We dismiss Mother's appeal.

## I. BACKGROUND

M.R.[1] was born on January 23, 2012. On January 25, 2012, the Juvenile Officer of Jefferson County, Missouri ("Juvenile Officer") filed a petition seeking to have M.R. placed into the protective custody of the Children's Division, Department of Social Services. The petition alleged M.R. was without proper care, custody, and support because M.R.'s parents were unfit to care for the child due to the prior involuntary termination of their rights to their previous seven children.[2] M.R. was placed into temporary protective custody, and a hearing was subsequently held concerning whether probable cause existed to believe the allegations in the Juvenile Officer's petition. The court found pursuant to Section 211.447 RSMo (Cum.Supp.2012),[3] the parents were presumed unfit due to the prior involuntary termination of their parental rights to their other six children. The court further found probable cause existed to believe M.R. was without proper care, custody or support, and the conditions requiring protective custody continued to exist. The court ordered M.R. to remain in the temporary legal custody of the Children's Division, and set the matter for further proceedings, including a dispositional trial. However, Mother filed the present appeal of the trial court's initial order before such trial could take place.

## II. DISCUSSION

Mother presents numerous points on appeal; however, the Juvenile Officer has filed a motion to dismiss the appeal for lack of a final judgment and also argues for dismissal in its respondent's brief. According to the Juvenile Officer, the order resulting from the initial protective custody hearing is not a final judgment, order or decree subject to the statutory right to appeal set forth in Section 211.261 RSMo (2000).[4] Thus, before considering the merits of Mother's appeal, we must first determine whether the order following the protective custody hearing is final and appealable.

Section 211.261.1 provides a parent the right to appeal from "any final judgment, order or decree made under the provisions of this chapter which adversely affects him." Generally, a final judgment disposes of all issues in the case and leaves nothing for future determination. *In re C.A.D.*, 995 S.W.2d 21, 26 (Mo.App. W.D. 1999). However, the standard for a "final" judgment in a juvenile proceeding differs from this general standard. *Id.* The nature of a juvenile proceeding requires an on-going consideration, which does not result in "final" disposition of the issues as the term is traditionally defined. *Id.* Instead, once a disposition is made concerning the juvenile, even though post-dispositional hearings may continue to be held, all the issues before the court have been disposed of and nothing is left for determination. *Id.* Therefore, a dispositional order is final and appealable. *Id.*

In the present case, the trial court's order resulted from a protective custody hearing held pursuant to Section 211.032. Under Section 211.032, if a child is alleged

---

1. The initial pleadings list the child as M.P.R.; however, later documents refer to her as M.E.R. In the interest of clarity, we refer to the child as M.R. throughout this opinion.

2. The Juvenile Officer erroneously refers to the termination of Mother's rights to her previous six children in its petition. However, Mother's parental rights were terminated on July 27, 2011, to seven children, A.R., E.R., R.R., A.R., P.R., N.R., and C.R.

3. All further statutory references are to RSMo (Cum.Supp.2012), unless otherwise indicated.

4. All further references to Section 211.261 are to RSMo (2000).

to be in need of care and treatment pursuant to Section 211.031.1(1) [5], as was alleged in the present case, upon the request of any party, the court "shall hold a protective custody hearing." Pursuant to Section 211.032.4, the hearing is bifurcated into adjudication and dispositional phases. *See In re J.L.R.*, 257 S.W.3d 163, 165 (Mo.App. W.D.2008). The first phase, the adjudication phase, concerns only whether the Juvenile Officer established the necessity of the court to assume jurisdiction over the child. *Id.* The second phase, the dispositional phase, determines the disposition or treatment the court should order for the child. *Id.*

Here, the initial adjudication hearing was held to determine whether sufficient cause existed for M.R. to remain in the protective custody of the State. *See* Section 211.032.4. The trial court was then required to hold a second hearing, the dispositional hearing. Following this dispositional hearing, the court will make findings concerning the legal and physical custody of the juvenile, among other findings. *See* Rule 124.07. However, as previously discussed, the trial court did not hold a dispositional hearing in this case. Instead, Mother appealed the order entered by the trial court following the initial adjudication hearing. The order entered by the court in this case was not an order of disposition. It simply affirmed the initial placement of M.R. into protective custody, finding sufficient cause existed to maintain that protective custody pending the dispositional hearing. As discussed above, absent an order of disposition concerning M.R., there is no final, appealable judgment or order. *See In re T.E.*, 35 S.W.3d 497, 505 (Mo.App. E.D.2001) (finding of jurisdiction was not dispositional

order, and therefore, was not final for purposes of appeal). Therefore, the order following the initial protective custody hearing is not a final order for purposes of appeal, and Mother's appeal must be dismissed.

## III.  CONCLUSION

Mother's appeal is dismissed for lack of a final, appealable order.

GARY M. GAERTNER, JR., C.J. and ANGELA T. QUIGLESS, J., concur.

---

5.  Section 211.031.1(1)(b) provides, in relevant part, for jurisdiction of the juvenile court in proceedings in which a child is alleged to be in need of care and treatment because the child is "otherwise without proper care, custody or support...."