

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| IN THE INTEREST OF: J.T.S.; | ) | |
| | ) | |
| JUVENILE OFFICER, | ) | WD77713 |
| | ) | |
| Respondent, | ) | OPINION FILED: June 2, 2015 |
| | ) | |
| v. | ) | |
| | ) | |
| H.J.S. (MOTHER), | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Platte County, Missouri**
The Honorable Wanda A. Hansbrough, Judge

Before Division Four: Lisa White Hardwick, Presiding Judge, James E. Welsh, Judge
and Cynthia L. Martin, Judge

H.J.S. ("Mother") appeals an adjudication and disposition judgment of the Circuit Court of Platte County finding that her son, J.S., should be subject to the jurisdiction of the court and placed in the custody of the Missouri Children's Division due to allegations of abuse. Mother alleges that the State failed to properly allege abuse or neglect in its petition and that the court lacked sufficient evidence to find abuse. We dismiss the appeal because it is moot.

## Factual and Procedural Background

Mother is the natural mother of J.S. Six year-old J.S. resided with Mother, his nine year-old sister, E.S., and Mother's boyfriend ("A.K.").

On April 10, 2014, Mother discovered that J.S. had a serious burn on his hip and thigh. Mother immediately sought appropriate medical care for J.S. At the time of the injury, J.S. was in his room. Mother and A.K. were present in the home. Mother did not witness and could not explain how the injury occurred.

On April 11, 2014, the Platte County Juvenile Office ("Juvenile Office") filed for and was granted a request for Temporary Protective Custody of J.S. The Juvenile Office then filed a Petition ("Petition") requesting that J.S. be placed in protective custody. The Petition alleged that J.S. was injured while in the care, custody, and control of Mother and A.K., and that Mother had been unable to provide an explanation as to how the juvenile was injured.[1]

A protective custody hearing was held on April 16, 2014. Mother stipulated that J.S. should be placed in protective custody with her parents. The order placing J.S. in protective custody provided that an adjudication hearing would be held on June 9, 2014.

At the adjudication hearing, Mother stipulated that the injuries to J.S. alleged in the Petition occurred. She objected, however, to the Petition, claiming that it was deficient because it failed to allege abuse or neglect pursuant to Section 211.031. Mother further argued that there was insufficient evidence for the Court to make a finding of abuse or neglect as to support jurisdiction pursuant to Section 211.031. The trial court

---

[1]The cause of J.S.'s burn, which experts characterized as a scald, was never definitively determined by the trial court.

entered a Finding of Jurisdiction, Final Order and Judgment of Disposition ("Disposition Judgment") on June 10, 2014, that placed J.S. under the care, custody, and control of the Missouri Children's Division for alternative care and placement.[2] The Disposition Judgment did not find that J.S. had been abused and found only that J.S. was injured while in the care, custody and control of Mother and A.K. under circumstances where Mother was "unable to provide an explanation" for the injury.

Mother appealed the Disposition Judgment.

## Analysis

"Before considering the merits of this dispute, we must determine whether or not we have jurisdiction to decide the appeal." *In re J.L.R.*, 257 S.W.3d 163, 165 (Mo. App. 2008). An appellate court is not permitted to review moot claims of error. *Id.* "A case is moot when the circumstances that surround it change sufficiently to cause a legal controversy to cease, and a decision by the judiciary would be insignificant in providing effective relief." *Id.* (citing *State ex rel. Missouri Gas Energy v. Pub. Serv. Comm'n*, 224 S.W.3d 20, 24-5 (Mo. App. W.D. 2007)).

The remedy Mother seeks in this appeal is our mandate to vacate the Disposition Judgment and to remove J.S. from the care and custody of the Missouri Children's Division. On April 27, 2015, and, thus, after this appeal was filed, the trial court entered its Order and Judgment on Motion to Terminate Court Jurisdiction, granting Mother's motion to terminate the court's jurisdiction over J.S. and to discharge J.S. from the care, custody, and control of the Missouri Children's Division. The April 27th, 2015 judgment

---

[2]The Disposition Judgment was amended Nunc Pro Tunc on June 11, 2014.

expressly ordered that J.S. be "immediately return[ed] to the care, custody and control of [Mother]." Though the April 27, 2015 judgment is not a part of the record in this appeal, it was brought to our attention by the Juvenile Officer in connection with a second appeal taken by Mother from an interim placement determination made by the trial court.[3] "In determining mootness, the appellate court may consider facts outside the record." *State ex rel. Missouri Gas Energy*, 224 S.W.3d at 25 (citing *State ex rel. Monsanto Co. v. Pub. Serv. Comm'n*, 716 S.W.2d 791, 793 (Mo. banc 1986)). By virtue of the April 27, 2015 judgment, Mother has secured the relief she seeks in this appeal--the termination of jurisdiction over J.S. and the restoration of J.S. to her care, custody, and control.

Because Mother has now secured the relief she seeks in this appeal, "a decision by this court would not grant any effective relief." *In re J.L.R.*, 257 S.W.3d at 165. The facts of this case are indistinguishable from *In re J.L.R.* There, a mother took an appeal from a judgment following an adjudication and disposition hearing where the court found abuse had occurred as to which mother failed to protect the minor child. *Id*. While the appeal was pending, the trial court issued an order returning custody of the child to the mother. *Id*. We found mother's appeal in that case to be moot, rejecting mother's argument that a trial court in a juvenile matter has "continuing jurisdiction during the adjudication and dispositional phases" creating a live controversy. *Id*. We noted that the continuing jurisdiction afforded a trial court continues only as "'long as the child is in the custody of the division.'" *Id*. at 166 (quoting Section 211.032.4).[4] Here, as in *In re*

---

[3]*In the Interest of J.T.S.; Juvenile Officer v. H.J.S*., WD78245. Mother concedes that this appeal was rendered moot by the trial court's April 27, 2015 order and judgment.
[4]All statutory references are RSMo 2000, as supplemented.

*J.L.R.*, the April 27, 2015 judgment restoring J.S. to the legal and physical custody of Mother terminated the trial court's jurisdiction. *Id*. The trial court did not retain continuing jurisdiction to provide services or supervision. *Id*. There remains no live controversy before this court, rendering Mother's appeal moot.

Appellate courts are ***required*** to dismiss appeals that are moot except in "in two narrow situations: when the case becomes moot after submission and argument, and when the issue raised has general public interest and importance and is likely to recur and will otherwise evade appellate review." *Id*. These exceptions to the mootness doctrine are to be narrowly construed. *Cross v. Cross*, 815 S.W.2d 65, 66 (Mo. App. E.D. 1991). If an exception to the mootness doctrine applies, dismissal of a moot appeal becomes discretionary. *T.D.H. v. O'Connell*, 258 S.W.3d 850, 851 (Mo. App. E.D. 2008). Neither exception to the mootness doctrine applies to this case, and even if one did, we would exercise our discretion to dismiss Mother's moot appeal.

Mother argues that the first exception applies because this court assigned a submission date to her case in late January 2015, before entry of the April 27, 2015 judgment. Presuming Mother is correct,[5] our decision to entertain Mother's moot appeal

---

[5]The origin of the "after argument and submission" exception to the mootness doctrine traces back to *State ex rel. Donnell v. Searcy*, 152 S.W.2d 8 (Mo. banc 1941). There, our Supreme Court held that "when a case becomes moot ***after it has been argued and submitted*** and is under the deliberation of the court pending its decision, then the court will exercise its right of unlimited discretion to complete its deliberation of the case and prepare an opinion and enter a final judgment on the merits ***if it sees fit to do so***." *Id*. at 10 (emphasis added). Since then, every case discussing the exception refers to the requirement of both argument and submission. *See, e.g., T.D.H.*, 258 S.W.3d at 851 ("The first [exception to the mootness doctrine] applies to a case that becomes moot ***after argument and submission***.") (emphasis added); *Kinsky v. Steiger*, 109 S.W.3d 194, 196 (Mo. App. E.D. 2003) ("First, if a case becomes moot ***after argument and submission***, then dismissal is within the discretion of the court.") (emphasis added); *Cross*, 815 S.W.2d at 66 ("If a case becomes moot ***after submission and argument***, then dismissal for mootness is discretionary.") (emphasis added); *State v. Eyberg*, 671 S.W.2d 26, 28 (Mo. App. S.D. 1984) ("[D]ismissal of an appeal is discretionary if a cause has become moot ***after argument and submission***.") (emphasis added).

would simply be rendered "discretionary rather than mandatory." *T.D.H.*, 258 S.W.3d at 851 (citing *Kinsky v. Steiger*, 109 S.W.3d 194, 196 (Mo. App. E.D. 2003)); *see also State ex rel. Donnell v. Searcy*, 152 S.W.2d 8, 10 (Mo. banc 1941). Left to our discretion, we dismiss Mother's appeal as moot. "Where a situation so changes that no relief may be granted because it has already been obtained, the court will not go through the empty formality of determining whether or not the relief asked for might have been granted." *State ex rel. Donnell*, 152 S.W.2d at 10.

The second mootness exception is narrowly applied to matters of general public interest and importance that are likely to recur and will otherwise evade appellate review. Mother does not argue that this exception applies to her appeal. We agree that it does not. Mother's issues on appeal involve the sufficiency of allegations and/or evidence to support a finding of abuse and the corresponding assertion of jurisdiction over J.S. A "challenge [to] the sufficiency of the evidence is insufficient to establish a public interest under the second exception." *In re J.L.R.*, 257 S.W.3d at 166; *see also T.D.H.*, 258 S.W.3d at 851 (holding that challenges to the sufficiency of the evidence to support lapsed protective orders are not an adequate basis to invoke the "public interest" exception to the mootness doctrine).

Mother argues that a third exception to the mootness doctrine is recognized which "allows courts to proceed with [a moot] appeal if the decision could have significant

---

Here, oral argument was waived by written agreement of the parties, and Mother's appeal was submitted on the briefs. Mother cites no authority addressing whether the narrow "after argument and submission" mootness exception applies to a case where oral argument has been waived. Because we would, in any event, dismiss Mother's appeal as moot in the exercise of our discretion, we need not address the parameters of the "after argument and submission" mootness exception.

collateral consequences for one or more of the parties." *M.T. v. Juvenile Officer*, 431 S.W.3d 539, 543 (Mo. App. E.D. 2014) (citing *Glover v. Michaud*, 222 S.W.3d 347, 351 (Mo. App. S.D. 2007)). We respectfully disagree with *M.T.'s* attribution of the announcement of a third mootness exception to *Glover*. *Glover* did not announce a third mootness exception. Rather, *Glover* identified the two recognized mootness exceptions, then proceeded to discuss the potential "collateral consequences" of an expired (and thus moot) child protection order in the context of the second mootness exception involving matters of "'general public interest and importance, recurring in nature, [that] will otherwise evade appellate review.'" 222 S.W.3d at 350 (quoting *In re A.T.H.*, 37 S.W.3d 423, 426 (Mo. App. S.D. 2001)). To this point, it is noteworthy that the court in *M.T.* relied heavily on this court's analysis in *In re J.L.R.* *M.T.*, 431 S.W.3d at 543 (citing *In re J.L.R.*, 257 S.W.3d 163). In *In re J.L.R.*, we plainly held that "[c]ourts make an exception to mootness in *two* narrow situations." 257 S.W.3d at 166 (emphasis added). We thus do not agree that a third mootness exception exists.[6]

Regardless, it is immaterial whether "significant collateral consequences" support recognition of a third mootness exception, or whether such considerations are merely subsumed in determining application of the second mootness exception. In either case,

---

[6]Because this opinion chooses not to follow *M.T.* insofar as its recognition of a third mootness exception, this opinion has been reviewed and approved by order of the court *en banc*, as required by Missouri Court of Appeals Western District Special Rules, Rule XXXI (2015), and in accordance with Supreme Court Operating Rule 22.01.

No case decided after *M.T.* has mentioned a third exception to the mootness doctrine. Instead, several cases, including Eastern District cases, have repeated the accepted principle that there are only two narrow exceptions to the mootness doctrine. *See, e.g., Lebeau v. Commissioners of Franklin Cty.,* No. ED101712, 2015 WL 1211313, *1 (Mo. App. E.D. March 17, 2015); *Noble v. Noble*, 456 S.W.3d 120, 127 (Mo. App. W.D. 2015); *Broyles v. Department of Community Health & Environment of St. Charles Cty.*, 456 S.W.3d 517, 520 (Mo. App. E.D. 2015); *Floyd v. Department of Mental Health*, 452 S.W.3d 154, 158 (Mo. App. W.D. 2014); *In re C.T.*, 432 S.W.3d 283, 286 (Mo. App. E.D. 2014).

7

the exception would not apply to Mother's appeal. Mother claims she is entitled to vindication from a finding of abuse. However, a desire for personal vindication does not rise to the level of a general public interest. "We have . . . held that a . . . moot appeal seeking only personal vindication does not fall within the public interest exception." *T.D.H.*, 258 S.W.3d at 851 (citing *Reay v. Philips*, 169 S.W.3d 896, 897 (Mo. App. E.D. 2005) (holding that a claim that a decision constituted a blemish on appellant's legal record did not warrant invocation of the general public interest exception)). And in *M.T.*, the Eastern District refused to apply the supposed third exception to the mootness doctrine to a parent's request for personal vindication. *M.T.*, 431 S.W.3d at 543. There, minor children were placed in protective custody based on suspected abuse. *Id.* at 541. Father appealed the adjudication and disposition order. *Id.* The trial court later entered a judgment terminating its jurisdiction and restoring custody of the minor children to mother. *Id.* at 542. The Eastern District rejected father's contention that his appeal from the adjudication order, though moot, should be heard because the order "label[ed] him as a child abuser." *Id.* The Eastern District found that the adjudication order "includes no finding that Father abused his child. Thus, there is nothing here to prejudice Father in this case. The potential for future injury 'does not change the lack of a current legal controversy.'" *Id.* at 543 (quoting *M.W. v. Mabry*, 282 S.W.3d 33, 36 (Mo. App. E.D. 2009)).

Mother's circumstances are indistinguishable from *M.T.* Mother claims she has been labeled a child abuser. However, the Disposition Judgment makes no such finding, and found only that J.S. suffered an injury Mother could not explain. "There is nothing

8

here to prejudice [Mother] in this case." *Id.* Mother also claims the Disposition Judgment "can affect Mother's ability to find employment, . . . impact future custody issues, as well as form the basis for criminal charges. . . ." [Mother's Answer to Order to Show Cause.] Similar bare assertions about speculative future consequences were rejected in *In re J.L.R.*, where mother requested that we entertain a moot appeal because of the possibility that an adjudication and disposition order could harm her future employment prospects. *In re J.L.R.*, 257 S.W.3d at 166. Mother's bare, speculative assertions are not persuasive. "[T]he legal controversy involving the [Missouri] Children's Division here has ceased and the facts of this case are uniquely [Mother's]. Any decision in [Mother's] favor here would have no effect on the current custody of [J.S.], who [is] now with Mother." *M.T.*, 431 S.W.3d at 543.

## Conclusion

Because Mother has regained custody of J.S., the very relief she seeks in this appeal, her appeal is moot. We lack jurisdiction to consider the appeal, and would exercise our discretion not to entertain Mother's moot appeal even presuming application of an exception to the mootness doctrine. Mother's appeal is dismissed.

_____
Cynthia L. Martin, Judge

All concur

9