

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| **IN THE INTEREST OF: F.R.D.** | ) | |
| | ) | |
| **JUVENILE OFFICER,** | ) | |
| | ) | |
| Respondent, | ) | **WD77765** |
| | ) | |
| **v.** | ) | **OPINION FILED:** |
| | ) | **November 3, 2015** |
| | ) | |
| **A.D. (Mother),** | ) | |
| | ) | |
| Appellant. | ) | |

### Appeal from the Circuit Court of Callaway County, Missouri
### The Honorable Leslie Schneider, Judge

**Before Division Three:** Joseph M. Ellis, Presiding Judge, and
Karen King Mitchell and Gary D. Witt, Judges

A.D. (Mother) appeals from the Juvenile Division of the Circuit Court of Callaway County's order finding that her daughter, F.D., should be subject to the jurisdiction of the court and placed in the custody of her ex-husband, the child's natural father (Father). Mother argues that the trial court's determination violated her religious beliefs, and that placement with Father is inappropriate because Father "abandoned and neglected" the child. We dismiss the appeal because it is moot.

## Facts[1]

Mother is the natural mother of F.D. F.D. lived with Father and Mother (who were married) until Father left in 2011, at which point F.D. resided with Mother. On July 3, 2013, the Callaway County Juvenile Office filed a Petition requesting that F.D. be placed in protective custody. The Petition alleged that Mother suffered from a mental condition that rendered her unable to provide the necessary care for F.D. The juvenile court found that F.D. was in imminent danger of physical harm as a result of abuse or neglect, and ordered F.D. placed into protective custody with the Missouri Children's Division pending a hearing. Following the protective custody hearing on July 8, 2013, the juvenile court ordered that F.D. should remain in protective custody.

The juvenile court held an adjudication hearing[2] on August 20 and 29, 2013. At that hearing, a number of witnesses testified to Mother's concerning behaviors, including: believing that someone has poisoned her food; being obsessed with parasites crawling in her brain; repeatedly calling the police with unsubstantiated claims of foul odors, people being on the roof,

---

[1] We discern the facts as best we can from a review of the voluminous record. Were it not clear, as discussed *infra*, that the appeal is moot, we would be forced to dismiss the appeal for the deficiencies contained in Mother's brief. Her facts are argumentative, opaque, and incomplete. Her points relied on are insufficient and difficult to follow, and her arguments are often indecipherable and contain no citation to authority other than the occasional reference to a statute or constitutional provision, without any hint of how it relates to the facts of the case. As a recent case from this court stated, in order "to determine whether [Mother] is entitled to relief, we would have to comb the record for support for her unsupported factual assertions, decipher the legal principles she is attempting to raise in her points on appeal, and locate legal authority to support what we believe her argument may be." *Adams v. Div. of Emp't Sec.*, 459 S.W.3d 918, 921 (Mo. App. W.D. 2015). "In other words, in order to attempt to address [Mother]'s appeal, we would be forced to act as [her] advocate, a role we will not and cannot undertake." *Id.*

[2] The statutes and rules covering juvenile proceedings "provide for bifurcated hearings to dispose of any petition alleging that a minor is in need of care and treatment by the court. These hearings are identified as an adjudication hearing and a dispositional hearing." *K.S.W. v. C.P.S.*, 454 S.W.3d 422, 426 (Mo. App. W.D. 2015). "The purpose of the adjudication hearing is for the juvenile court to determine whether there exists sufficient evidence that the court should assume jurisdiction over the child." *Id.* "When a petition alleges that a child is in need of care and protection as the basis for jurisdiction, the standard of proof is clear and convincing evidence." *In re G.F.M.*, 169 S.W.3d 109, 111 (Mo. App. W.D. 2005). The burden of establishing clear and convincing evidence is on the Juvenile Office. *In Interest of A.L.W.*, 773 S.W.2d 129, 131 (Mo. App. W.D. 1989). "If, at the adjudication hearing, the court determines that such evidence exists, the court then moves to the dispositional phase." *K.S.W.*, 454 S.W.3d at 426. "In that second hearing, the juvenile court must conduct a separate hearing to determine what disposition, if any, (*i.e.,* placement, treatment, and care) the court should order as being in the best interest of the child." *Id.*

hearing tapping noises, and seeing shadows in the hallway; believing that items in her bathroom were forcing other items to change locations; and believing that a baby wasp and tweezers were mysteriously appearing in and disappearing from her medicine cabinet. The juvenile court entered an order of adjudication, finding that Mother was unable to provide adequate care for F.D.

The juvenile court then held a disposition hearing, at which Father testified that he had obtained employment, had a stable living situation, and was able to care for F.D. Following the hearing, the juvenile court ordered that F.D. remain in the custody and supervision of the Children's Division, but be placed with Father.

Father subsequently filed for divorce in the Circuit Court of Washington County. The Juvenile Office and Children's Division requested that the juvenile court allow the dissolution court to determine appropriate custody for F.D. as part of the dissolution proceeding. The juvenile court allowed the dissolution court to determine custody and entered an order terminating its jurisdiction. The dissolution court granted Father custody of F.D.

Mother filed the present appeal.[3]

## Analysis[4]

"'Before considering the merits of this dispute, we must determine whether or not we have jurisdiction to decide the appeal.'" *In Interest of J.T.S.*, 462 S.W.3d 475, 477 (Mo. App. W.D. 2015) (quoting *In re J.L.R.*, 257 S.W.3d 163, 165 (Mo. App. W.D. 2008)). "An appellate court is not permitted to review moot claims of error." *Id.* "'A case is moot when the

---

[3] Mother appealed from the Order Terminating Jurisdiction, which is the last order that was entered in the underlying matter. At no point, however, does Mother make an argument challenging the actual termination of jurisdiction or the juvenile court's authority to terminate its jurisdiction in this matter. All of Mother's arguments, insofar as we can discern them, relate only to the custody of F.D.

[4] The Juvenile Office did not file a brief. "'A respondent is not required to file a brief, but without one, we must adjudicate the claim of error without benefit of whatever argument the respondent might have presented.'" *State ex rel. Koster v. Schwartz*, 461 S.W.3d 885, 887 n.4 (Mo. App. S.D. 2015) (quoting *N.L.P. v. C.G.W.*, 415 S.W.3d 800, 802 n.2 (Mo. App. E.D. 2013)).

3

circumstances that surround it change sufficiently to cause a legal controversy to cease, and a decision by the judiciary would be insignificant in providing effective relief.'" *Id.* (quoting *In re J.L.R.*, 257 S.W.3d at 165).

Here, the case is moot because this court cannot grant the only relief that Mother requests—"grant[ing Mother] custody of [F.D.]"—because the final custody determination was not made in the case Mother has appealed. The juvenile court entered an order terminating its jurisdiction, and authorized the dissolution court to determine jurisdiction in Mother and Father's dissolution proceeding. And the dissolution court granted Father full custody.

It is true that, "[u]pon the commencement of the Chapter 211 juvenile case, the juvenile court obtained exclusive jurisdiction with regard to custody of the parties' child[, and §] 211.093 'precludes the operation of any order affecting the status or custody of a minor child under [Chapter 452] that is inconsistent with an order entered under chapter 211.'" *Blackburn v. Mackey*, 131 S.W.3d 392, 395 (Mo. App. W.D. 2004) (quoting *In re J.F.K.*, 853 S.W.2d 932, 935 (Mo. banc 1993)). Under that section,

> "[a]ny order or judgment entered by the court under authority of [Chapter 211] shall, so long as [it] remains in effect, take precedence over any order or judgment concerning the status or custody of a child under age twenty-one entered by a court under authority of chapter 452 . . . , but only to the extent inconsistent therewith."

*Id.* (quoting § 211.093). But § 211.093 "specifically anticipates that [juvenile and custody] proceedings may be pending at the same time, for it provides rules to avoid the potential for the entry of inconsistent orders in the two proceedings." *State ex rel. Womack v. Rolf*, 173 S.W.3d 634, 636 (Mo. banc 2005) ("section 211.093 does not state that . . . [a] proceeding [affecting child custody] may not be filed while a chapter 211 proceeding is pending"). And this court has "noted that the continuing jurisdiction afforded a [juvenile] court continues only as 'long as the

4

child is in the custody of the division.'" *J.T.S.*, 462 S.W.3d at 478 (quoting *J.L.R.*, 257 S.W.3d at 166). And here, at the request of both the Children's Division and the Juvenile Office, the juvenile court terminated its jurisdiction over F.D., discharging her from further supervision. Accordingly, "[t]he [juvenile] court did not retain continuing jurisdiction to provide services or supervision." *Id*.

Mother does not challenge the juvenile court's actions in allowing the dissolution court to determine custody of F.D. or the dissolution court's jurisdiction over the matter in any respect; nor does she argue that the dissolution court's judgment is inconsistent with the juvenile court's orders. Indeed, Mother makes no argument whatsoever as to why this appeal is not moot. Mother had the opportunity to appear and participate in the dissolution proceeding. And she challenged the dissolution court's judgment on appeal, apparently making, unsuccessfully, several of the arguments she now asserts in this collateral proceeding.[5] *E.J.D. v. A.R.D.*, ED 101816, 2015 WL 5249341 (Mo. App. E.D. 2015).

Thus, even if this court entered an order reversing every order that the juvenile court entered, Mother would not regain custody of F.D. because the dissolution court granted Father custody, and its ruling would remain in effect. Accordingly, "the legal controversy involving the Children's Division here has ceased," and "[a]ny decision in [Mother]'s favor here would have no effect on the current custody of the child[], who [is] now with [Father]." *M.T. v. Juvenile Officer*, 431 S.W.3d 539, 543 (Mo. App. E.D. 2014). Mother "may have the ability to seek, in good faith, other avenues of . . . custody, but [t]his relief will not be granted through the . . .

---

[5] Our determination that Mother made similar arguments in the appeal from the dissolution court's judgment comes from a review of the legal file in ED 101816. "'In determining mootness, the appellate court may consider facts outside the record.'" *In Interest of J.T.S.*, 462 S.W.3d 475, 478 (Mo. App. W.D. 2015) (quoting *State ex rel. Missouri Gas Energy v. Pub. Serv. Comm'n*, 224 S.W.3d 20, 25 (Mo. App. W.D. 2007)).

ceased controversy here." *Id*. "There remains no live controversy before this court, rendering Mother's appeal moot." *J.T.S.*, 462 S.W.3d at 478.

## Conclusion

Because we cannot grant the relief Mother requests, her appeal is moot. Mother's appeal is dismissed.

Karen King Mitchell, Judge

Joseph M. Ellis, Presiding Judge, and
Gary D. Witt, Judge, concur.