## IN the INTEREST OF: A.D.T.

### No. ED 104591

Missouri Court of Appeals,
Eastern District,
DIVISION ONE.

Filed: September 19, 2017

Celestine Dotson, for appellant.

Andrew J. Rehmer, Scott E. Fox, Melissa B. Young, Sara H. Harrison, for respondent.

ROBERT G. DOWD, JR., Presiding Judge

Mother, D.T., and Father, E.A. (collectively "Appellants"), appeal the trial court's judgment of May 20, 2016, continuing the court's jurisdiction over A.D.T. and M.K.A. and placing them in the legal custody of the Missouri Children's Division. We dismiss this appeal based upon the mootness doctrine.

Mother is a parent to both children, and Father is a parent to A.D.T. but not M.K.A. At the time of the events alleged, M.K.A. was five years old, and A.D.T. was one year old. After responding to an emergency hotline call and finding the children left home alone, the Division took protective custody of M.K.A. and A.D.T. The Division was unable to contact Mother by phone or at her place of employment. The following day, the Juvenile Officer met with Father regarding the incident, and Father indicated that he did not perceive a problem with leaving the children home alone.

The Division's records from previous investigations were received into evidence at the adjudication hearing. Among other findings, the trial court found that both A.D.T. and M.K.A. were without proper care, custody and support in that mother "has significant Missouri Children's Division history to include: a probable cause [finding] in 2003 for fractures and failure to thrive to said child['s] sibling listing said child's mother as the perpetrator; a pre-

ponderance of the evidence [finding] in 2007 for fractures, other physical abuse, and subdermal hemorrhage/hematoma listing child's mother as perpetrator." The trial court further found relative to A.D.T. that Father has a "Missouri Children's Division history to include a preponderance of evidence [finding] in 2007 for fractures, other physical abuse, and subdermal hemorrhage/hematoma listing said child's father as the perpetrator of abuse of another child." The court continued jurisdiction over both children and placed them in the legal custody of the Division for appropriate placement and treatment. This appeal follows.

Appellants make two points on appeal: (1) the trial court erred in refusing to exclude any and all business records produced by the state for failing to comply with Section 490.692 and Rule 43.01, and (2) the trial court erred in refusing to exclude any and all irrelevant alleged facts contained in the Division's investigation reports identifying prior contact with Missouri Department of Social Services on abuse claims related to the children's elder siblings.[1] Appellants ask this Court "to have the record of this evidence removed and to have the trial court decision reversed." The children's guardian ad litem filed a response brief, and the Juvenile Office and the GAL ("Respondents") filed a joint motion to dismiss. In the motion to dismiss, they assert that the court returned custody of the two children to Appellants after Mother's successful completion of the trial court's expectations and trial home placement. The Respondents attached the court orders of May 22, 2017, indicating that the court's jurisdiction over both children was terminated and they

were discharged from further supervision by the court. The Respondents therefore argue that there is no live controversy remaining, making the appeal moot. We issued an order indicating that there are circumstances under which we can exercise our discretion to decide moot issues and directing Appellants to file a response. In that response, Appellants argue that the motion to dismiss should be denied because the case falls within the public interest exception to the mootness doctrine. Appellants claim that this appeal is a challenge to the process by which this trial court used prejudicial evidence of prior unrelated alleged abuse to form the basis of its conclusion that the children should have been removed and that they are seeking review of the trial court practice of admitting this prejudicial evidence.[2]

Before considering the merits of a dispute, the appellate court must determine whether or not it has jurisdiction to decide the appeal. *In the Interest of J.L.R.*, 257 S.W.3d 163, 165 (Mo. App. W.D. 2008). The appellate court does not have jurisdiction to review moot claims. *Id.* "A case is moot when the circumstances that surround it change sufficiently to cause a legal controversy to cease, and a decision by the judiciary would be insignificant in providing the effective relief." *Id.* "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *M.T. v. Juvenile Officer*, 431 S.W.3d 539, 542 (Mo. App. E.D. 2014) (internal quotation marks omitted).

"Appellate courts are *required* to dismiss appeals that are moot except in two narrow situations: when the case becomes moot after submission and argu-

---

1. Although the legal file contains references to earlier investigations by the Division, the Division records themselves are not included in the appellate file.

2. Respondents' joint motion to dismiss the appeal was ordered taken with the case.

ment, and when the issue raised has general public interest and importance and is likely to recur and will otherwise evade appellate review." *In Interest of J.T.S.*, 462 S.W.3d 475, 478 (Mo. App. W.D. 2015) (emphasis in original) (internal quotation marks omitted).[3] These exceptions are to be narrowly construed. *Id.* "If an exception to the mootness doctrine applies, dismissal becomes discretionary." *Id.*

■ The first exception, when the case becomes moot after submission and argument, clearly does not apply here since the case became moot well before submission and argument. In fact, Appellants filed their brief seven days *after* the trial court's order terminating jurisdiction. The question becomes whether the appeal raises an issue of "general public interest and importance and is likely to recur and will otherwise evade appellate review." *See id.* As noted, we must narrowly construe this exception. *See id.* While the use of potentially legally irrelevant evidence in abuse and neglect cases would be a matter of general importance that is likely to recur, it is not likely to evade appellate review.

■ "The courts of this State have long admitted evidence of past conduct of the part of parents in determining the suitability of the parents to custody of their children." *In re D.L.W.*, 530 S.W.2d 388, 391 (Mo. App. 1975) (holding that evidence from juvenile file indicating two siblings were taken from mother's custody seven and nine years prior to the events alleged was properly received at the dispositional

hearing and was also admissible in the adjudicatory hearing). "Evidence of mistreatment of other children has been held admissible in considering the welfare of another child." *Id.* "Prior abuse of another child is prima facie evidence of imminent danger to a sibling in the same circumstances so as to justify intervention by the court for removal of the sibling from his environment." *In Interest of D.D.H.*, 875 S.W.2d 184, 188 (Mo. App. S.D. 1994); *see also In re A.A.*, 533 S.W.2d 681, 684 (Mo. App. 1976); *In Interest of W.J.D.*, 756 S.W.2d 191, 196 (Mo. App. S.D. 1988); *In re Interest of A.K.S.*, 602 S.W.2d 848, 851 (Mo. App. W.D. 1980) ("The harm to a sibling, potential in the harm done to another child, is sufficient to justify intervention of the court to remove the sibling from the harmful environment."). Cases of "[m]altreatment of a prior child present one of the few situations in which a juvenile court, and social agencies at its instance, can be alerted to take before-the-fact protective measures." *In re A.A.*, 533 S.W.2d at 684. Accordingly, because the type of evidence challenged by Appellants is admissible under Missouri law, the evidence is likely to be used under similar circumstances in the future. As such, its admission has already been and will continue to be subject to appellate review.

Perhaps in an attempt to establish that this issue will evade appellate review, Appellants argue that many other potential parties will be subject to the same prejudicial process and will subsequently have their cases rendered moot merely because

**3.** There is some question as to whether there is a third exception to the mootness doctrine, which "allows courts to proceed with the appeal if the decision could have significant collateral consequences for one or more of the parties." *M.T. v. Juvenile Officer*, 431 S.W.3d 539, 543 (Mo. App. E.D. 2014). *See In the Interest of J.T.S.*, 462 S.W.3d 475, 479 (Mo. App. W.D. 2015). In *J.T.S.*, the Western District respectfully disagreed with this Court's application of this exception and not-

ed that courts only "make an exception to mootness in *two* narrow situations" and held that a third mootness exception does not exist. *J.T.S.*, 462 S.W.3d at 479-80 (emphasis in original). Regardless of whether there is a third exception under Missouri law, Appellants have not presented any argument for its application to this case. The only exception claimed by Appellants, and therefore the only exception addressed here, is the public interest exception to the mootness doctrine.

trial courts will reverse their decisions before the objectionable conduct can be examined by the appellate court. In particular, they argue the custody issues in these cases can resolve and trial courts terminate their jurisdiction before the cases make it through what can be a lengthy appellate court process. However, Appellants themselves concede that "[t]he use of similar evidence against parties is commonly the practice in the lower court." If the practice is as "common" as Appellants argue, even if some cases are rendered moot before they are submitted on appeal, there is no basis for this Court to find that all cases where this type of evidence is admitted will evade appellate review. In addition, Appellants' bare assertion that trial courts reverse their decisions in these cases prior to appellate review of the challenged conduct is speculative, and Appellants fail to identify any evidence of this pattern in the trial courts. *See In re J.T.S.*, 462 S.W.3d at 481 (finding that in arguing for the application of an exception to the mootness doctrine, "[m]other's bare, speculative assertions" were not persuasive); *see also J.L.R.*, 257 S.W.3d at 166 (finding mother's assertion that the trial court's finding had the potential to harm her employment opportunities to be "mere speculation" and that mother cited "no facts to support this contention"). Accordingly, the public interest exception to the mootness doctrine as asserted by Appellants does not apply because the issue raised is not one that will not evade appellate review.

We are without jurisdiction to hear Appellants' claims, and we grant Respondents' joint motion to dismiss. This appeal is dismissed.

Sherri B. Sullivan, J. and Kurt S. Odenwald, J., concur.