

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| IN THE INTEREST OF A.J.L.G., | ) | |
| | ) | |
| Appellant, | ) | WD85961 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | November 21, 2023 |
| JUVENILE OFFICER, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Boone County, Missouri**
The Honorable Tracy Zerman Gonzalez, Judge

Before Division Three:  Lisa White Hardwick, Presiding Judge, Karen King Mitchell, Judge and Cynthia Martin, Judge

A.J.L.G. appeals the circuit court's order committing him to the custody of the Missouri Division of Youth Services following a finding of delinquency for unlawful use of a weapon by bringing a firearm to school.  A.J.L.G. argues that the circuit court committed plain error when it found him to be delinquent with no record or findings that A.J.L.G., a juvenile, knowingly and voluntarily admitted to the conduct alleged in the delinquency petition, and with no record or findings that a factual basis existed for the admissions.  Respondent Juvenile Officer ("Juvenile Officer") concedes that the circuit court failed to make a record and required findings about whether A.J.L.G.'s admissions

were knowing and voluntary, and about whether a basis in fact existed for the admissions. Juvenile Officer agrees that the circuit court's dispositional and adjudication orders should be reversed. We reverse the circuit court's dispositional and adjudication orders and remand this case for further proceedings.

### Factual and Procedural Background

On November 2, 2022, Juvenile Officer filed a petition alleging that A.J.L.G. committed what would have been the adult offense of Unlawful Use of a Weapon pursuant to section 571.030.1[1] by bringing a firearm to school on November 1, 2022. At the time the petition was filed, A.J.L.G. was seventeen years old.

An adjudication hearing was conducted on November 18, 2022. A.J.L.G. appeared remotely, via Webex. The entirety of A.J.L.G.'s purported admission to the allegations in the Juvenile Officer's petition was as follows:

The Court: And we are proceeding on the petition that was filed?

[A.J.L.G.'s Counsel]: Yes, Judge. I've reviewed the petition with my client. And we do admit all three of the paragraphs and their subparts of the petition.

The Court: All right [sic]. So [A.J.L.G.], this -- are you able to hear me all right out at the--at [detention]. [A.J.L.G.]? I'm not hearing you. Are you able to hear me?

[A.J.L.G.'s Counsel]: I think he's muted.

[A.J.L.G.]: Yes ma'am.

---

[1] All statutory references are to RSMo 2016 as updated by the 2020 Cumulative Supplement, and as further supplemented where applicable through November 1, 2022, the date of A.J.L.G.'s purported delinquency offense, unless otherwise noted.

2

> The Court:    All right [sic].  So [A.J.L.G.'s Counsel] has told the Court that you will admit--admit all of the allegations; is that correct?
>
> [A.J.L.G.]:    Yes ma'am.
>
> The Court:    All right [sic].  I will find that you are admitting all of the allegations.  The Court does find that the allegations are true.

The circuit court also entered a written order of adjudication on November 18, 2022 ("Adjudication Order") and checked boxes on the pre-printed form to note that the allegations in the Juvenile Officer's petition were admitted and were true.  The Adjudication Order did not make any findings with respect to whether A.J.L.G.'s admissions were knowing and voluntary, or as to whether the admissions factually supported a basis for finding A.J.L.G. to have committed the delinquency offense alleged in the Juvenile Officer's petition.  The Adjudication Order found that based upon A.J.L.G.'s admissions, "the allegations have been proved true beyond a reasonable doubt and that [A.J.L.G.] is in need of care and treatment pursuant to 211.031.1(3) RSMO." The Adjudication Order set the matter for disposition on December 2, 2022.

The circuit court conducted a dispositional hearing on December 2, 2022, and entered an order of commitment to the custody of the Missouri Division of Youth Services until his nineteenth birthday ("Dispositional Order").  A.J.L.G. filed this timely appeal.[2]

---

[2] Section 211.181.1 directs that after adjudication and at disposition, the court shall make findings of fact upon which it exercises jurisdiction over the juvenile.  A dispositional order is then final and appealable, and necessarily encompasses the previously entered adjudication order.  *In re M.P.R.*, 381 S.W.3d 392, 393 (Mo. App. E.D. 2012) (holding that "a dispositional order is final and appealable").

## Standard of Review

A.J.L.G. did not raise the claim of error asserted on appeal in the circuit court. He requests plain error review. "Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 84.13(c).[3] "When a constitutional right is violated, a circuit court's failure to follow a statute will warrant plain error review." *In re D.E.D.*, 653 S.W.3d 427, 434 (Mo. App. W.D. 2022) (citation omitted). "Plain error review requires a two-prong analysis to determine: (1) whether there was an error that is evident, obvious, and clear; and (2) whether a manifest injustice or miscarriage of justice occurred as a result of that error." *Id*. at 431 (citation omitted). "[T]he injustice must be so egregious as to weaken the very foundation of the process and seriously undermine confidence in the outcome of the case." *Id*. (citation omitted).

## Analysis

A.J.L.G. asserts a single point on appeal, and contends that the circuit court plainly erred when it found that A.J.L.G. committed the acts alleged in the Juvenile Officer's petition because the circuit court made no record of, or findings that, A.J.L.G. knowingly and voluntarily admitted the allegations in the petition, or that a factual basis for the

---

"[T]he denomination requirement of Rule 74.01(a) is inconsistent with, and inapplicable to, dispositional orders of juvenile courts, and such orders are appealable pursuant to Rule 120.01 and section 211.261." *In re: C.A.D.*, 995 S.W.2d 21, 28 (Mo. App. W.D. 1999).

[3] All Rule references are to *Missouri Court Rules, Volume I - State, 2022* unless otherwise noted.

4

admissions existed. A.J.L.G. alleges that as a result, he suffered manifest injustice because his right to due process of law and his right not to be compelled to admit allegations against him as guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, and by Article I, sections 10 and 18(a) of the Missouri Constitution, were violated.

Although juvenile proceedings are civil, not criminal, proceedings, "the need for criminal due process safeguards in juvenile courts, for a proceeding where the issue is whether the child will be found to be delinquent and subjected to the loss of liberty[,]" is not obviated, as such proceedings are "comparable in seriousness to a felony prosecution." *In re A.C.C.*, 561 S.W.3d 425, 428-29 (Mo. App. E.D. 2018) (internal quotation marks and citations omitted). "While the Fourteenth Amendment does not require juvenile delinquency proceedings to conform to all the requirements of a criminal trial, the Due Process Claus does require adjudicatory hearings to apply the essentials of due process and fair treatment." *Id*. at 429 (internal quotation marks and citations omitted).

Pursuant to Rule 124.06, a circuit court is required in an adjudication hearing to determine whether the allegations in a juvenile officer's petition are true. In a delinquency proceeding, before "admitting to the facts in a petition . . . , juveniles are entitled to the same minimum due process rights afforded adult criminal defendants during guilty pleas." *In re A.C.C.*, 561 S.W.3d at 429. Consistent with these due process rights, where a juvenile admits to the allegations in a delinquency petition, Rule 128.02(d)(3) requires the court to "make a finding whether the admissions of the juvenile

5

are freely and voluntarily given and knowingly made and whether a basis in fact exists for the juvenile's admissions[.]" Thus, the record and findings must demonstrate that a juvenile's plea in a delinquency proceeding is "not only [] a voluntary expression of the [juvenile's] choice, it must also be a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act." *In re A.C.C.*, 561 S.W.3d at 429 (internal quotation marks and citations omitted). In addition, a court accepting a juvenile's plea in a delinquency proceeding must "conclude that there was a factual basis for the violation." *P.L.S. v. Juvenile Officer*, 651 S.W.3d 885, 889 (Mo. App. W.D. 2022).

That did not happen here. Though A.J.L.G. confirmed during the adjudication proceeding that he was admitting the summarily referenced allegations in the Juvenile Officer's petition, the specific allegations were not addressed, the court made no inquiry into whether A.J.L.G.'s admissions were voluntarily and knowingly made, the court made no finding that A.J.L.G.'s admissions were voluntarily and knowingly made, the court did not inquire into whether there was a basis in fact for the admissions, and the court did not find that there was a basis in fact for the admissions. In every respect, the plain and unambiguous obligations of Rule 128.02(d)(3) were ignored. The circuit court committed evident, obvious, and clear error in accepting A.J.L.G.'s admissions when it did not make a record about, or mandatory findings that, A.J.L.G.'s admissions were voluntarily and knowingly made, or that a factual basis existed for the admissions.

The circuit court's error was "so egregious as to weaken the very foundation of the process and seriously undermine confidence in the outcome of the case." *In re D.E.D.*,

6

653 S.W.3d at 431 (citation omitted). The protections described in Rule 128.02(d)(3) are not merely technical and are instead intended to safeguard a juvenile's due process rights and right against self-incrimination as a precursor to the loss of liberty that follows a delinquency determination. The circuit court's failure to comply with Rule 128.02(d)(3) was thus plain error that resulted in a manifest injustice warranting reversal. The Juvenile Officer does not disagree, and joins in A.J.L.G.'s request for reversal and remand.

A.J.L.G.'s point on appeal is granted.

## Conclusion

The circuit court's December 2, 2022 Dispositional Order, and the circuit court's November 18, 2022 Adjudication Order, are reversed, and this matter is remanded to the circuit court for proceedings consistent with this opinion.[4]

_Cynthia L. Martin_
Cynthia L. Martin, Judge

All concur.

---

[4] The procedural circumstances in this case and the outcome reached in this opinion, are virtually indistinguishable from the procedural circumstances and outcome in *A.L.H. v. Juvenile Officer*, No. WD85774, 2023 WL 6394400 (Mo. App. W.D. Oct. 3, 2023). The mandate in *A.L.H.* was issued on October 25, 2023.